## OSCAR BOYD *vs.* JOHN W. VON NEIDA.

Opinion filed May 25, 1900.

**Decedent's Estate—Rejection of Claim.**

Under section 6405, Rev. Codes 1899, a claim against an estate may be rejected by an administrator either by indorsing his written disallowance on such claim, or by neglecting or refusing to act thereon for a period of 10 days after it is presented, and in either case the rejection is, under said section, a rejection by the administrator.

**Pleading Limitation.**

Section 6407, Rev. Codes, provides that suit must be brought upon a rejected claim within 3 months after its rejection; otherwise, it is forever barred. Accordingly *held,* that an answer in an action upon a rejected claim which alleged that the claim was duly presented on July 1, 1897, and that the same was not acted upon within 10 days thereafter or at all, and that more than 3 months after such 10-day period had expired before suit was commenced, states a complete defense, and a general demurrer thereto was properly overruled.

Appeal from District Court, Cass County; *Lauder,* J.

Action by Oscar Boyd against John W. Von Neida, administrator of Edwin Hayward. Judgment for defendant, and plaintiff appeals. Affirmed.

*John E. Greene,* for appellant.

*Ball, Watson & Maclay,* for respondent.

YOUNG, J. This is an action against the estate of Edwin Hayward to recover upon a claim which was rejected by the administrator. The answer interposed by the administrator sets forth facts which, if true, would defeat a recovery by plaintiff upon the merits. He also alleges in the sixth paragraph of his answer, and as an absolute bar to a recovery by plaintiff, "that this action was not brought until the expiration of more than three months after the date of the rejection of said claim, and that said claim is barred by the statute of limitations." The facts alleged show that the claim was presented to the administrator on or about July 1, 1897. The administrator took no affirmative action, by either rejecting or allowing it, by written indorsement thereon, within 10 days after its presentation or at all. This action was begun on March 31, 1898. The plaintiff demurred to the defense set forth in the sixth paragraph of the answer, and just referred to, "upon the grounds that the allegations of said paragraph do not contain facts sufficient to constitute a defense to the cause of action set forth in the complaint, or any portion thereof." The demurrer was overruled by the District Court, and, the plaintiff having elected to stand on his demurrer, judgment was ordered and entered for the defendant. Plaintiff appeals from the judgment, and in his brief assigns the order over-

ruling the demurrer as error. The correctness of that order is the only question before us. The solution of this question depends upon the interpretation to be given to certain provisions of the Probate Code relating to the rejection of claims against estates and the period for bringing suit thereon. Sections 6405, 6407, Rev. Codes 1899, being a part of article 5, chapter 111, Laws 1897, read in part as follows:

"Sec. 6405. When a claim accompanied by the affidavit required in this chapter is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim it must be presented to the county judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day."

"Sec. 6407. When the claim is rejected, either by the executor or administrator or the county judge, the holder must bring suit in the proper court, to-wit: before a justice of the peace, or in the District Court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is barred forever."

In the case at bar the claim was due, and it would therefore be barred at the expiration of three months after the date of its rejection.

Counsel for appellant contends that the claim has not been rejected, within the meaning of section 6407, supra, and that, therefore, the limitation period has not commenced to run; and in support of this contention the fact is urged that the claim in suit was not affirmatively rejected by the administrator by a written indorsement to that effect, and that the section last referred to, which fixes the limitation period, has reference only to such a rejection, and not to a rejection resulting from nonaction. We do not think the language of the sections quoted carries any such meaning. Both sections deal with rejected claims. Section 6405 clearly defines two distinct ways by which claims against estates reach the status of rejected claims. One is by actually indorsing a rejection on the claim, with the day and date of such rejection; the other is by the nonaction on the part of the administrator, executor, or probate judge, as the case may be, for a period of 10 days after such claim is presented. Such nonaction may consist of either a neglect to act or a refusal to act upon the claim, but in either case it is just as much of a rejection of the claim as an affirmative rejection by written indorsement, under the plain language of the statute, and is, too, a rejection by such administrator, executor, or probate judge to the same extent and effect as though the rejection had been effected by affirmative action. The statute declares that the refusal or neglect to indorse an allowance or rejection for 10 days after the claim has been presented is equivalent to a

rejection on the tenth day. In other words, if a claim is presented to an administrator, and he indorses upon it his disallowance, with day and date of his action, it is then rejected by him. If, however, he neglects or refuses to either allow or disallow the claim by written indorsement for a period of 10 days after its presentation, the law says that such neglect and refusal constitutes a rejection by him on the tenth day after the claim is presented. The rejections are different in form, but not in effect. In the present case the claim was presented on July 1, 1897. The administrator rejected it by his neglect or refusal to act upon it, and it became a rejected claim on July 11, 1897, so as to set the limitation period running. This action was not commenced for more than three months thereafter. The bar of the statute was therefore complete, and the demurrer was properly overruled. We may add that the statutes we have been considering were adopted in this jurisdiction from California. Their courts had given them the same construction as that we have concluded they should have, and this before they were adopted by us (see *Rice* v. *Inskeep,* 34 Cal. 224) ; and, under a familiar rule of statutory construction, we took the statute with the construction placed upon it by the California courts. The judgment of the District Court is affirmed. All concur.