(84 N. W. Rep. 559.)

---

GEORGE N. FARWELL *vs.* S. D. RICHARDSON.

Opinion filed November 26, 1900.

**Executors and Administrators—Notes of Decedent—Action—Complaint—Limitations—Allowance of Claims.**

This action is brought against the administrator of the estate of W. L. Richardson, and is based upon two promissory notes. The complaint alleges, in effect, that verified claims based upon said notes, respectively, were filed with the administrator for allowance,—one on the 23d day of April, 1898, and the other two days later; that no action was taken on either of said claims by the administrator until the 8th day of July, 1898; that on the date last stated an agreement was entered into between the plaintiff and the administrator and heirs at law of the deceased whereby it was agreed that a certain amount of the claim based on one of the notes should be allowed by the administrator against the estate. It is further alleged that such amount was subsequently and on the 14th day of November, 1898, allowed and indorsed as allowed upon said claim by the administrator, and at the same time the other claim was indorsed as allowed in full by the administrator. On the 9th day of December, 1898, said claims were presented to the County Court for allowance, and the same were then rejected by that court. *Held,* that a demurrer to said complaint for insufficiency was properly sustained by the District Court.

**Claims Not Allowed in Ten Days—Rejected.**

*Held,* further, that the nonaction of the administrator upon said claims for a period of time exceeding 10 days next after the claims

were filed with him for allowance operated, under the statute, as a rejection of the claims; and, *held,* further, that the time limited for bringing suit on said claims began to run at once after the 10-day period expired.

### Claim Barred.

*Held,* further, that this claim was barred by the statute of limitation before this action was commenced. See section 6407, Rev. Codes 1899.

### Right to Sue Not Revived.

*Held,* further, that said section contemplates that no claim which has reached the status of a rejected claim will be presented to a County Court for its allowance, and where such claim is in fact presented to such court for allowance, and the same is rejected by the court, that such rejection does not operate to fix any new period of time within which an action can be instituted upon the rejected claim.

### Allowance After Time by Administrator Unauthorized.

*Held,* further, that the indorsement of allowance as made upon these claims by the administrator on November 14, 1898, was futile, and did not operate to allow or validate the claims either in whole or in part. At the time such indorsement was made, the claims had passed beyond the jurisdiction of the administrator to allow the same, and had reached the status of rejected claims.

Appeal from District Court, Cass County; *Pollock,* J.

Action by George N. Farwell against S. D. Richardson, administrator of W. L. Richardson. Judgment for defendant, and plaintiff appeals.

Affirmed.

*John E. Greene,* for appellant.

*Smith Stimmel,* for respondent.

WALLIN, J. The complaint in this action alleges, in substance, that said W. L. Richardson, deceased, in his lifetime executed and delivered two certain promissory notes, one for $900 and the other for $50, and that said notes are held and owned by the plaintiff. The complaint further alleges that said W. L. Richardson has departed this life, and that said S. D. Richardson is the duly-qualified and acting administrator of the estate of the deceased. It is further averred in the complaint that the plaintiff on or about the 23d day of April, 1898, filed with the said administrator, the defendant, a duly-verified statement of the plaintiff's claim against the estate of the deceased, based upon said note for $900. The complaint further avers "that thereafter, and on or about the 8th day of July, 1898, an agreement was entered into between the plaintiff and said defendant and the heirs at law of the said W. L. Richardson, deceased, whereby it was agreed that the plaintiff would accept in full payment of said claim upon the above described promissory note, as against the estate of said deceased, the sum of two hundred and sixty-eight and 95-100 dollars, with interest thereon

at the rate of eight per cent. per annum from October 15, 1897; that thereafter, and on or about the 14th day of November, 1898, the said claim was by the said defendant duly allowed and approved for the sum of two hundred and ninety-two and 20-100 dollars, which approval was indorsed upon said proof of claim." The language of said indorsement, so far as the same is material, is that the claim "is allowed and approved for the sum of two hundred and ninety-two and 20-100 dollars this 14th day of November, 1898." Said indorsement was signed by the administrator as such. It is also alleged that said claim was presented for allowance to the County Court on December 9, 1898, and was then rejected by said court, and that the defendant has ever since refused to pay the claim. The allegations of the complaint setting out the plaintiff's claim based upon the note for $50 are in all respects similar to those above recited, except that said claim was presented for allowance on April 25, 1898, and except that as to the $50-note there is no averment of an agreement on the part of the defendant to allow the claim, or any part thereof. Said claim was, however, attempted to be allowed in full by the administrator by an indorsement to that effect upon the claim made by the administrator on November 14, 1898.

To this complaint a demurrer was interposed upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the court below entered a judgment of dismissal, with costs to defendant. The plaintiff has appealed to this court from such judgment, and the sole question presented for determination is whether the complaint states a cause of action. We are clear that it does not. The case at bar, in its controlling facts, is in all respects similar to the case of *Boyd* v. *Von Neida,* recently decided by this court, and reported in 9 N. D. 337, 83 N. W. Rep. 329. The only feature of this case which differs at all from the case cited consists in the alleged fact that a compromise of the claim based upon the $900-note was made between the plaintiff, on the one part, and the administrator and the heirs at law of the deceased, upon the other part, whereby it was agreed that a certain portion of said claim should be allowed by the administrator; and said portion, it is averred, was subsequently indorsed upon the claim by the administrator as allowed by him. But in view of the statute, which very rigidly controls the allowance and rejection of claims which are presented for allowance to administrators and executors, we are compelled to hold that neither the alleged agreement to allow the claim as above set out, nor the attempted allowance thereof by the administrator, as evidenced by the indorsement upon the claim, has any validity whatever. Both the agreement to allow and the attempted allowance by indorsement occurred after the lapse of more than 10 days next following the date of filing the claim with the administrator. The claim was, therefore, under the statute, a rejected claim at the time of the agreement to

allow and at the time said indorsement of allowance was made. The claim, under the law, was then a rejected claim, on account of the nonaction thereon of the administrator for a period of 10 days after the same had been filed with him for allowance. See *Boyd* v. *Von Neida,* supra. The claim was not only a rejected claim when the indorsement was placed thereon, but it was, also, under a statute of limitations, an outlawed claim at that time, for the reason that the limitation period of three months had fully run when the administrator indorsed his allowance upon the claim. See section 6407, Rev. Codes 1899. The limitation period fixed by the statute starts running at once upon the rejection of a claim which is due by an administrator or executor, and this is true whether such rejection is brought about by his affirmative action or by his non-action. Once started running, we know of no action which can be taken either by the administrator or the County Court which can fix a new period of limitation. There is certainly no such provision made in section 6407. True, said section provides that, in a case where a claim has been rejected by the County Court, suit may be brought upon such claim within three months after the date of the rejection by that court. It is obvious, however, that this feature of the limitation law can apply only to claims which have been first allowed by the executor or administrator, and then presented to the County Court for its action thereon. This claim was never allowed by the administrator, because he was without power to allow the same when he assumed to do so. If the administrator can allow a rejected claim six months after the rejection, we know of no time fixed by law when he will cease to have authority to allow a claim. In our opinion, to so rule would defeat the wholesome purpose of the statute, which manifestly is to expedite the process of winding up the estates of deceased persons. Our conclusion is that the complaint states no cause of action, and that the judgment must be affirmed. All the judges concurring.