WILSON *v*. HENRY.[1]

1. CREDITOR'S SUIT—ISSUES—EVIDENCE TO SUSTAIN.

A judgment creditor's bill is not sustained by proof merely of the judgment, execution, and return unsatisfied; it must be shown that defendant has property, either legal or equitable, either in hand or due from some one else, or that he has legal title to real estate which he withholds from the record, where that is alleged in the bill.

2. SAME—AMENDMENT—ERROR—RIGHT TO ALLEGE.

Refusal to permit at the hearing the amendment of a judgment creditor's bill, to more particularly describe the judgment, if error, is not available to complainant where he failed to offer evidence to support his bill either as originally filed or as amended.

Appeal from Wayne; Rohnert, J. Submitted June 17, 1904. (Docket No. 35.) Decided October 4, 1904.

Judgment creditor's bill by Ira Wilson against Adam Henry. From a decree dismissing the bill, complainant appeals. Affirmed.

*James H. Pound* (*May, O'Brien & Baluss*, of counsel), for complainant.

*John E. Moloney*, for defendant.

MOORE, C. J. On the 10th day of March, 1898, the complainant filed a judgment creditor's bill. In paragraph 1 complainant alleges:

"On the 11th day of January, A. D. 1898, in the cir-

[1] January 30, 1905. On rehearing. A further showing being made by the circuit judge, in connection with the motion for rehearing, from which it appeared that the failure to offer further proofs arose from a misapprehension of the court's rulings, and it appearing to the court that a mistrial occurred through no fault of complainant's counsel, *ordered* that the cause be remanded to the circuit court in chancery, with directions to proceed to a hearing de novo; no costs to either party in this court.

cuit court for the county of Wayne, State of Michigan, by the consideration and judgment of said court, your orator recovered against Adam Henry the sum of $307.28, as well for damages which he had sustained by reason of the nonperformance of certain promises and undertakings of the said Adam Henry, as for the costs and charges of your orator about his suit in that behalf expended, as by the record of said judgment, reference being thereto had, will more fully appear."

Then follow several other paragraphs, alleging the issuance of an execution and the return of same unsatisfied. Then follow the usual allegations of a judgment creditor's bill.

The defendant filed an answer, and, among other things, denied complainant had obtained a judgment against him, as set forth in the bill of complaint. The other material allegations of the bill of complaint were neither admitted nor denied. A replication was filed. On the 7th day of October, 1903, this cause was brought on for hearing, when the following occurred:

"*Mr. O'Brien:* We ask to have it appear of record that the court says that he will hear the judgment creditor's bill first.

"*Mr. Baluss:* I will first offer in evidence the files in Ira Wilson against Adam Henry, and the affidavit and transcript and the execution and the return. If there is any question about this judgment being a circuit court judgment, I ask for leave of the court to amend the bill in that respect, to allege that it is upon a transcript, instead of the words 'A judgment in the circuit court for the county of Wayne.'

"*The Court:* This answer has been in since March 28, 1898, and I think it is rather late to ask for an amendment on the day of the trial. If I do that, I will have to give them further time to answer.

"*Mr. Moloney:* They cannot make their proofs under the allegations, because they have no judgment of the circuit court for the county of Wayne.

"*The Court:* I will refuse the motion to amend at this time.

"*Mr. O'Brien:* We ask leave to amend, and we offer to allow defendant time in which to file an amended

answer, if necessary. The court has refused to allow either an extension of time or to allow an amendment at this present time.

" *The Court:* Just put down that it appears that this bill was filed March 10, 1898, and that issue was raised by the answer, which was filed March 28, 1898, upon the point with regard to which plaintiff wishes to amend, so that he cannot be surprised by reason of that fact. This case has been on call to be tried for some time in this court, and the court has arranged its business in such a way as to take up this matter this morning, to the exclusion of other litigants in this court. The court does not consider that the plaintiff has been surprised, and I consider that he has delayed his application for an amendment to a time when the court cannot in justice grant it.

" *Mr. Moloney:* We object to the amendment anyway. We object to the introduction of the transcript of a judgment, on the ground that it does not disclose a circuit court judgment.

" *The Court:* I hold that it is not a circuit court judgment. I hold this, that it would have the force and effect of a circuit court judgment if it had been properly entered. The bill will be dismissed.

" *Mr. O'Brien:* I move that I be allowed to amend to the extent of showing the preliminary steps leading up to the transcript, and I offer to hold the matter up for a sufficient length of time to allow Mr Moloney to file an answer in any way he sees fit.

" *The Court:* I will rule the same way for the same reasons. I will deny the motion. Note an exception."

The court then called upon both parties for further testimony. Both sides resting, the bill was dismissed.

Counsel for complainant say two questions are presented: *First.* Is a judgment transcript a circuit court judgment? *Second.* If not, should the court have allowed an amendment?

A copy of the files offered in evidence is here. They show a judgment regularly obtained in justice's court. An affidavit meeting the requirements of section 845, 1 Comp. Laws, and a transcript were made. This transcript and the proper affidavit were filed with the clerk of the circuit court, who indorsed on the back thereof: "Entered and

filed January 11, 1898," but it does not appear that the clerk entered and docketed the judgment, as required by section 846, 1 Comp. Laws. If it be conceded that the court was wrong in his opinion that it was necessary to enter and docket the judgment to give it validity as a circuit court judgment, see *Udell* v. *Kahn*, 31 Mich. 198, and if it also be conceded the court was wrong in refusing leave to amend the bill of complaint, still the complainant has fallen far short of making a prima facie case.

When called upon by the judge for further testimony, none was offered. It was not made to appear that defendant had property, either legal or equitable, either in hand or due from some one else, nor was it shown he had legal title to real estate, which he withheld from the record, as stated in the bill of complaint.

The decree is affirmed.

The other Justices concurred.