IN RE JAMES T. SMITH'S ESTATE.

Opinion filed December 5, 1904.

**Claims Against Decedent — Rejection.**

1. Under the statutes of this state the rejection of a claim against the estate of a decedent, either by the executor, administrator, or county judge, is a condition precedent to the right to sue upon it.

**Right of Action.**

2. For the purpose of authorizing actions upon claims, and of limiting the time in which suit must be brought, the constructive rejection which, by section 6405, follows as a result of ten days' neglect or refusal to allow it, is equivalent to a rejection by written indorsement.

**Allowance.**

3. A claim may be approved and allowed by a county judge after it has been rejected either by nonaction or by written indorsement, at any time before it is barred by the special or general statute of limitations.

Appeal from District Court, Eddy county; *Glaspell*, J.

In the matter of the estate of James T. Smith, deceased. From a judgment reversing a judgment allowing a creditor's claim, he appeals.

Reversed.

*P. M. Mattson, S. E. Elsworth* and *Tracy R. Bangs,* for appellants.

*James A. Manley,* for respondents. *John Knauf,* for respondent, Kate Barstow.

Young, C. J. This appeal was taken by a creditor of the estate of James T. Smith, deceased, from a judgment of the district court of Eddy county, which reversed and set aside a judgment of the county court of that county approving and allowing the appellants' claim of $3,803.50 against said estate.

The record shows that the claim in question was presented to the administrator on February 28, 1903; that he indorsed his allowance thereof on March 9, 1903; that it was presented to the county judge on March 14, 1903, and was approved and allowed by him on May 1, 1903. The claim was allowed by the administrator within ten days after it was presented. The allowance by the county judge was more than ten days, but less than ninety days after its presentment.

The sole contention presented to the district court as ground for reversing the judgment of the county court was that the claim had been previously rejected by operation of section 6405, Rev. Codes 1899, because of the failure of the county judge to approve it within ten days after its presentation for allowance; that such rejection was irrevocable, and that the county judge had thereafter no legal authority to allow it. The trial court sustained this view, and this appeal involves the correctness of this conclusion.

We are of the opinion that this construction of the statute cannot be sustained. Section 6405, Rev. Codes 1899, which is relied upon, so far as pertinent reads as follows: "When a claim, accompanied by the affidavit required in this chapter, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it must be presented to the county judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day. * * *" The purpose and effect of this section is apparent when considered in connection with the following sections:

Section 6407: "When a claim is rejected, either by the executor or administrator, or the county judge, the holder must bring suit in the proper court, to wit: Before a justice of the peace, or in the district court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is barred forever."

Section 6408: "No claim must be allowed by the executor or administrator, or by the judge, which is barred by the statute of limitations. * * * No holder of any claim against an estate

shall maintain an action thereon unless the claim is first presented to the executor or administrator. * * *"

Section 6406: "Every claim allowed by the executor or administrator, and approved by the judge, * * * must be ranked among the acknowledged debts of the estate to be paid in due course of administration."

Section 6410: "A judgment rendered against an executor or administrator, in the district court or before a magistrate, upon any claim for money, * * · * only establishes the claim in the same manner as if it had been allowed by the executor or administrator, and the judge of the county court, and the judgment must be that the executor or administrator pay, in due course of administration, the amount ascertained to be due."

Section 6405, supra, was before us for construction in Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329. We held that it was the purpose of that section to fix the time when claimants secure the right to sue upon their claims, and when they become barred under the special limitation prescribed by section 6407, and that for these purposes a rejection by nonaction is equivalent to an actual rejection by writtten indorsement. This conclusion was followed and approved in Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558. In both cases a recovery was sought in the district court upon claims which had been duly presented for allowance, and upon which no action had been taken for more than three months. In both cases the defendant invoked section 6407, which requires suit to be brought within three months after the rejection of the claim, and this defense was sustained. The defendant prevailed, however, not because the claims had been rejected, but because the actions were not brought within ninety days from the rejection. The mere fact that a claim has been rejected is no defense in an action upon it. It is important only in setting the special statute of limitations in motion. A rejection by an administrator or executor and county judge never has, of itself, the effect of defeating a recovery in an action upon the claim. Indeed, the presentation to and rejection by one of them is essential to the right to sue. See section 6408, supra; also, Lichtenberg v. McGlynn, 105 Cal. 45, 38 Pac. 541; Barthe v. Rogers, 127 Cal. 52, 59 Pac. 310. The original jurisdiction to allow or reject claims rests in the executor or administrator and county judge, and it is only after a rejection by one of them that the right to maintain an action in

the district court arises, and when it does arise it is in the nature of appellate, rather than original, jurisdiction. When a claim is allowed by the county judge, the allowance is in the nature of a judgment against the estate, to be paid by the executor or administrator in due course of administration. When a judgment is rendered upon a claim in an action, exactly the same result follows. A rejected claim may be sued upon at any time within three months after its rejection, and the executor or administrator be compelled to pay it in due course of administration. No reason is suggested why the administrator may not voluntarily do what he may be compelled to do. There is no statute which restricts his right to allow claims, other than that they must not be barred either by the special or general statute of limitations. The appellant's claim had, it is true, been constructively rejected, but it was not a barred claim when the county judge allowed it. Had it been rejected by written indorsement, the result would not be different, for there is no reason why the county judge cannot, in his discretion, set aside a previous rejection and allow a claim, provided, only, this is done before it is barred; and so the cases hold. Husted v. Hoyt, 12 Conn. 160; Calanan v. McClure, 47 Barb. (N. Y.) 206; Burks v. Bennett, 62 Tex. 277; Gilespie v. Wright, 93 Cal. 169, 28 Pac. 862.

Judgment reversed. All concur.