F. L. SINGER AND M. B. GOLBERG, CO-PARTNERS UNDER THE FIRM NAME AND STYLE OF F. L. SINGER & CO., v. JAMES M. AUSTIN, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF KATE AUSTIN ANGELL, DECEASED.

Opinion filed March 18, 1910.

**Executors and Administrators — Action on Rejected Claims — Limitation.**

1. Under section 8105, Rev. Codes 1905, requiring a claimant within three months after his claim has been rejected to bring suit thereon, otherwise the same will be barred forever, *held*, that plaintiff's claim is barred.

**Executors and Administrators — Notice to Creditors — Rejected Claims — Limitation.**

2. Such statute is operative as to claims presented and constructively rejected by nonaction for ten days as provided in section 8103,

Rev. Codes 1905, although notice to creditors as provided in section 8097, Rev. Codes 1905, has not been given.

**Executors and Administrators — Claims Against Decedent — Presentation Before Notice to Creditors — Limitation.**

3. Section 8097, supra, requiring the publication of notice to creditors, being independent of section 8105, requiring suit to be brought within three months after the claim is rejected, the publication of notice under the former is an unnecessary condition to the enforcement of the latter.

Appeal from District Court, Dickey County; *Allen, J.*

Action by F. L. Singer and others against James M. Austin, executor of Kate Austin Angell. From an order sustaining a demurrer to the complaint, plaintiffs appeal.

Affirmed.

*McCumber & Forbes,* for Appellant.

Publication of notice to creditors before order is made therefor, is a nullity. Wise et al. v. Williams et al., 25 Pac. 1064; Ribble v. Furmin, 98 N. W. 420; Mosher v. Goodale, 106 N. W. 195; Smith v. Hall et al., 19 Cal. 85; 18 Cyc. 447.

Short statute of limitations begins to run only after notice to creditors is given. 8 A. E. C. L. 1081; Bradley v. Kent, 7 Houst. (Del.) 372; Fillyau v. Laverty, 3 Fla. 72; Pratt v. Houghtaling, 45 Mich. 457, Hawkins v. Ridenhour, 13 Mo· 135; Gardner v. Callaghan, 61 Wis. 91; Whitmore v. Foose executrix, 1 Denio, 159; Snell v. Dale, 17 N. Y. S. 575; In re Haxton, 6 N. E. 111; Clark v. Sexton's Exrs., 23 Wendell 478; Mosher v. Goodale, 106 N. W. 195; McConaughy v. Wilsey, 88 N. W. 1101.

*S. G. Roberts,* for Respondent.

Rights to sue administrator to establish claim against his intestate, depends upon his rejection, or the lapse of ten days after presentation. Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329; Farwell v. Richardson, 10 N. D. 34; In re Smith's Estate, 13 N. D. 513; Janin v. Browne, 59 Cal. 37; Ricketson v. Richardson, 19 Cal. 330.

Creditor waives publication of notice to creditors by presenting his claim in advance of the notice. In re Smith's Estate, 13 N. D. 513; Ricketson v. Richardson, 19 Cal. 330, McFarland v. Fairland, 52 Pac. 239.

Fisk, J. Action to establish a claim against the estate of one Kate Austin Angell, deceased. A demurrer to the complaint was

interposed in the trial court; the ground of demurrer being that the complaint fails to allege facts sufficient to constitute a cause of action. The appeal is from an order sustaining such demurrer, and the sole error assigned relates to the correctness of such ruling.

Briefly stated, the complaint alleges the following facts: That in February, 1905, the said Kate Austin Angell died testate, and on March 21, 1906, her last will and testament was duly allowed to probate in Dickey county; the defendant, James M. Austin, being appointed executor of said estate and on such date duly qualified as such. On April 12, 1906, plaintiffs, who during the life of decedent sold and delivered to her certain goods, wares, and merchandise, no part of the purchase price of which has ever been paid, presented their claim duly verified to defendant, and that defendant neither allowed nor rejected such claim. Again, on August 14, 1907, plaintiffs presented their said claim to defendant, but that defendant has failed to either allow or reject the same. That the county court has never made any order in said estate directing or requiring the publication of notice to creditors to present their claims. This action was commenced October 4, 1907.

The sole question raised and relied upon by appellant's counsel is whether the action is barred under the provisions of section 8105, Rev. Codes 1905; it being appellant's contention that the time prescribed in said section for bringing suit never commenced to run for the reason that no order was ever made by the county court requiring publication of notice to creditors in which to present claims. Section 8105, supra, reads: "When a claim is rejected, either by the executor or administrator or the county judge, the holder must bring suit in the proper court * * * against the executor or administrator, within three months after the date of its rejection, if it be then due, * * * otherwise the claim is barred forever." This section is plain and susceptible of but one construction, which is that the claim is forever barred unless suit is brought thereon within three months after the claim is rejected. The whole controversy resolves itself into the one question whether in the light of section 8103, Rev. Codes, it can properly be said that a claim presented prior to the giving of notice to creditors will be deemed rejected at the end of 10 days after presentment to the executor for allowance if he refuses or neglects to indorse thereon his allowance or rejection. The latter section provides: "If the

executor * * * refuses or neglects to indorse such allowances or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day." This court has repeatedly held that a claim is rejected within the meaning of section 8105, supra, by the refusal or neglect of the executor, administrator, or county judge for 10 days to indorse thereon his allowance or rejection. Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329; Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558; In re Smith's Estate, 13 N. D. 513, 101 N.W. 890. It was expressly held in the latter case that a constructive rejection by nonaction for 10 days has the same force and effect as a rejection by written indorsement.

Is appellant's contention sound to the effect that the time prescribed in section 8105 for bringing suit on rejected claims never commenced to run because publication of notice to creditors has not been given? After mature deliberation, we feel constrained to answer such question in the negative. While a few authorities may be found apparently supporting appellant's contention, the weight of modern authority, and we believe the better reasoned cases, hold to the contrary. We will briefly notice a few of such authorities. In the recent case of Morrisey v. Hill, 142 N. C. 355, 55 S. E. 193, this precise question arose, and the court said: "It is insisted that the provisions of this section should not be enforced because it nowhere appears that the general notice provided for in section 39 of the Revisal of 1905 has been given, and that the publication of this notice is necessary to the operation and enforcement of section 93. We do not so understand or construe the law; nor do we see any such connection as that suggested between the two sections. Section 39, * * * directing that a general notice shall be published, was enacted more for the protection of the executor, and is necessary to enable him to go on and administer the estate without regard to claims which are not presented within the year; but it has no necessary connection with section 93, which applies to claims which have been presented and rejected by the executor. The language of the statute is positive and explicit, and must be enforced in accordance with the plain meaning of its terms. A like construction has been placed on a statute substantially similar in other jurisdictions. Benedict v. Hoggin, 2 Cal. 386." The New Jersey court in the recent case of Simons v. Forster, 73 N. J. Law, 338, 63 Atl. 858, held to the same effect

under similar statutory provisions. We quote from the opinion as follows: "The purpose of those provisions of the statute is to aid the executor in the speedy settlement of the estate of his decedent, and in determining whether it is to be settled as a solvent estate (Emson, Adm'r, v. Allen, 62 N. J. Law, 493, 41 Atl. 703), and, in furtherance of that purpose, to provide a means for him to ascertain promptly the amount of the outstanding debts, the parties in whose hands they are, the fact that they are at least prima facie valid obligations against the estate, and, when in his judgment the liability of the estate to answer a given claim is doubtful, to compel the creditor to have that question promptly determined by a court and jury. A creditor who presents his claims, properly verified, to the executor, before the rule to limit is taken out, has furnished to the executor the information which the statute was intended to elicit and is entitled to its protection if the validity of his claim is not disputed. If it is disputed, then, in order to avoid the penalty of the statute, he must bring suit upon it within three months after notice of that fact given to him by the executor." That the creditor may properly and legally present his claim for allowance or rejection prior to the publication of notice to creditors is well settled. 1 Ross, Pro. Law and Pr. page 529.; McCann v. Pennie, 100 Cal. 547, 35 Pac. 158; Janin v. Browne, 59 Cal. 37; Ricketson v. Richardson, 19 Cal. 330; McFarland v. Fairlamb, 18 Wash. 601, 52 Pac. 239; Field v. Field, 77 N. Y. 294. In the latter case it was said: "Claims may be presented at any time after the executors qualify and enter upon the discharge of their duties, and while they are entitled to a reasonable time to examine and decide upon the justice of claims presented, when they do decide, even though no notice has been published, the effect of their decision is the same as though the claim was presented after publication. The notice is for the protection of executors, and the estates which they represent, and there is no absolute legal obligation to give it at all." The first presentation of the claim being valid, such claim was on the tenth day thereafter as effectually rejected as if a written disallowance had been endorsed thereon. As a necessary result, the special statutory limitation of time for bringing suit commenced running on the date of such rejection, and by force of the statute the claim became forever barred long prior to the date of the second presentation thereof and of the time this action was commenced. The fact that the claim is just and the

equities with appellant affords no reason why we should ignore the plain mandate of the Legislature. Such statutes are uniformly upheld and enforced by the courts regardless of the fact that such enforcement may work a hardship in individual cases. As said by Wallin, J., in Farwell v. Richardson, supra: "The wholesome purpose of the statute manifestly is to expedite the process of winding up the estates of deceased persons." Such being the purpose of the statute, a wise public policy would seem to require a rigid, rather than a lax, enforcement thereof.

Order affirmed. All concur.