GEORGE SUNBERG v. MARY SEBELIUS, as Executrix of the Last Will of August Sebelius, Deceased, and G. A. Sebelius.

(165 N. W. 564.)

Estates of decedent — claims against — presentation of — to executor or administrator — indorsement on — county judge — approval of action taken — evidence.

Section 8740, Compiled Laws of 1913, provides: "When a claim accompanied by

the affidavit required in this chapter is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim it must be presented to the county judge· for his approval, who must, in the same manner indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect· to indorse such allowance or rejection for ten days after the claim has been· presented to him, such refusal or neglect is equivalent to a rejection on the· tenth day," etc. Evidence of the presentment of the claim in question to the· administrator, and his rejection thereof, examined and *held* to be sufficient to· show a due presentment in pursuance of such section, and to further show that. such claim was rejected.

Opinion filed November 27, 1917.

Appeal from the District Court of Bottineau County, Honorable *A.· G. Burr,* Judge.

Affirmed.

*L. D. Gooler,* for appellants.

From the first presentation of a claim against an estate, the limitation statute as to barred claims begins to run, and a subsequent presentation cannot revive the claim or toll the statute. Comp. Laws 1913, § 8742; Mann v. Redmon, 23 N. D. 508, 137 N. W. 478; Singer v. Austin, 19 N. D. 546, 125 N. W. 560.

No action on a claim may be commenced until rejection of the claim by the executor or administrator, either by operation of law or by written rejection indorsed thereon. Murray v. Johnson, 28 S. D. 571, 134 N. W. 206.

An executor or administrator cannot refuse to allow a claim merely by oral rejection. The action of such officer on a claim presented must be in writing, unless held by him for the length of time named by law without acting. F. A. Patrick & Co. v. Austin, 20 N. D. 261, 127 N. W. 109.

The claim must be given into the hands of the executor or administrator, who shall have opportunity to investigate same, before allowance or rejection. Comp. Laws 1913, §§ 8737, 8740, 8742.

A judgment by default on such a claim is not like other default judgments. There are jurisdictional facts which must be established even in the absence of an answer, such as proof of the proper presentation of the claim, the action taken thereon, or the fact that no action

was taken. Mann v. Redmon, 27 N. D. 346, 145 N. W. 1031; Farwell v. Richardson, 10 N. D. 35, 84 N. W. 558.

*Bowen & Adams,* for respondent.

In a case which was properly a jury case, but by agreement was tried by the court on appeal, the appellant is not entitled to a new trial where no motion therefor was made in the lower court and where no specifications as to the insufficiency of the evidence were served with notice of appeal, and such questions cannot be here considered. Novak v. Lovin, 33 N. D. 424, 157 N. W. 297; Laffy v. Gordon, 15 N. D. 282, 107 N. W. 969; Comp. Laws 1913, § 7656; Morris v. Minneapolis, St. P. & S. Ste. M. R. Co. 32 N. D. 366, 155 N. W. 861.

Both presentations of the claim here involved were made within the statutory time, and therefore the question of the application of the special limitation statute is not before the court. Comp. Laws 1913, § 8742.

GRACE, J. This action is one involving recovery on a certain promissory note dated January 19, 1915, and due October 1, 1915, with interest thereon at 10 per cent from date until paid.

The complaint alleges the note to have been executed and delivered by August Sebelius and G. A. Sebelius to the Farmers & Merchants Bank of Overly, and by them, for value received, indorsed and transferred to the plaintiff prior to October 1, 1915. Plaintiff further shows that August Sebelius died testate prior to December 18, 1915; and further alleges the appointment of Mary Sebelius, surviving widow of August Sebelius, as the executrix of the last will of the deceased, which appointment was alleged to have been on December 18, 1915.

The answer denies the execution of the note and the transfer thereof by the bank to the plaintiff. The remainder of the answer makes a further denial of the allegations of the complaint, which we will notice more specifically in a subsequent portion of this opinion, where the pleadings will be more fully analyzed.

The facts are substantially as follows: The action was commenced in Bottineau county on the 22d day of July, 1916, by the service of the summons upon Mary Sebelius as executrix. Mary Sebelius published notice to creditors, the first publication of which was on March 23, 1916. The plaintiff claims a presentment of the claim for the

amount of the note in question to the executrix on the 23d day of May, 1916, and a second and subsequent presentment of such claim to the executrix just prior to the commencement of this action. The defendant claims that no due presentment of such claim was ever made to her, as required by law, and this is one of the disputed questions in the case. Tho appellant further claims that the plaintiff holds a renewal note of the note in question, and therefore is not entitled to present the old note without a surrender of the renewal note.

The first matter for our consideration is an analysis of the pleadings for the purpose of determining what issues were really formed by such pleadings. As pleadings, neither the complaint nor the answer are in the form which they should be. In the complaint there is a want of certainty and clearness of allegation. There is nothing therein to show that the presentment of the claim alleged to have been made on May 23, 1916, was presented and rejected in the manner provided by law, and the same is true of the second alleged presentment, and nothing to show the necessity of the second presentment of such claim.

The theory of the plaintiff, as well as the court below in its decision, was that the allegation in the complaint relating to the second presentment of the claim was not denied by the answer, and was therefore admitted by such answer to have been presented as required by law. We think this theory is not sound, and not justified upon a close inspection of the pleadings, when considered in the light of the rule that pleadings are to be always liberally construed. When the denials in the answer are considered with the allegations in the complaint relating to the presentment of the claim, such denial in the answer will be found sufficient to be a denial of both the first and second presentments of the claim. The complaint contains this allegation relating to the first presentment of the claim: "That on or about May 23, 1916, and prior to the expiration of six months after publication of notice to creditors by defendant, a duly verified proof of claim of the said promissory note, executed by the said plaintiff and supported by his affidavit, made in accordance with the law, was presented to the said executrix, who then and there rejected and disallowed said claim." It is conceded by the plaintiff that the denial in the answer denies this particular allegation. It is, however, claimed that such denial does not reach the allegation relating to the second presentment, which is as

follows: "That thereafter, and prior to the commencement of this action, the said claim was again presented to the said executrix, and that she again disallowed and rejected the same, and so notified the plaintiff."

It is true the defendant did not, by a separate reference or denial specifically directed towards the allegation concerning the second presentment of the claim, deny the same; but when we consider the language of the plaintiff relating to the first presentment of the claim, which does not allege with certainty when the claim was presented, but says, on or about the 23d day of May, 1916, and immediately followed by the following clause, "and prior to the expiration of six months after publication of notice to creditors," it really means that the claim was presented within six months after the notice to creditors was given. The denial to this part of the complaint really in effect denies that any claim was presented to the executrix within six months after the publication of the notice to creditors. The denial that any claim was presented within six months would be broad enough to include also the second presentment of the claim, which was prior to the time of the commencement of this action and less than six months after the notice to creditors. In fact, each presentment of the claim was made, if at all, within less than four months after the notice to creditors. If this were the only point involved, we would have no trouble in holding that the denial in this case is broad enough to deny each alleged presentment of the claim; and as far as that point is material in this case, we hold that the answer is a sufficient denial of each presentment of the claim. The method of pleading specific denial as used in the answer is not to be commended, and certainly is not in accord with any well-recognized rule of pleading.

The principal question in this case is, Was either of the presentments of the claim alleged in the complaint sufficient compliance with the requirements of law relative to the presentment of such claims? Section 8740, Compiled Laws of 1913, prescribes the manner in which a claim shall be presented to the executor of the will of a deceased person or the administrator of a deceased person's estate. Such section is as follows:

"Indorsement of allowance or rejection. How made. When a claim accompanied by the affidavit required in this chapter is presented to

the executor or administrator, he must indorse thereon his allowance or rejection with the day and date thereof. If he allows the claim it must be presented to the county judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuses or neglects to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day; and if the presentation be made by a notary, the certificate of such notary, under seal, is prima facie evidence of such presentation and rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time. When a claim stating the postoffice address of the claimant has been rejected, either by executor or administrator, or county judge, whether by indorsement or by nonaction, the person to whom the claim was presented must serve notice of such rejection, said notice to be by personal service or registered mail upon the claimant."

This section means that there are two ways in which an executor or administrator may accept or reject a claim. First, by the written indorsement of their acceptance or rejection, upon such claim. Second, by neglect or refusal of the executor or administrator for a period of ten days to indorse allowance or rejection upon such claim. It is clear, therefore, that the executor or administrator has all of the ten days in which to act, either to accept or reject the claim in the manner prescribed by law. No action would be maintainable or could be commenced within such ten-day period against the executor or administrator to recover upon such claim. A claim, when in due form according to law, is not presented to the executor or administrator by simply exhibiting it or describing it to the executor or administrator. The claim not only must be in due form as required by law, but to be presented it must be handed to or left with the executor or administrator, and from the time of the handing to or leaving with the executor or administrator of such claim, such executor or administrator would have ten days in which to allow or reject such claim in the manner provided by § 8740, Compiled Laws of 1913. The ten-day period

allowed by law for the claim to remain with the executor or administrator before any action may be maintained thereon is for the purpose of giving such executor or administrator an opportunity and time to examine into the merits of the claim, to investigate it, inquire about it, and determine in their mind whether or not the claim is of such a character that it ought to be allowed or rejected as the case may be.

Adverting at this time to the alleged second presentment of the claim in question in the month of July, 1916, we are clear that such claim as a matter of law was never at such time legally presented. It was not at such time handed to or left with the executrix. The testimony of Mr. Sunberg with reference to the second presentment of the claim in question in July shows conclusively that he did not leave a copy of the claim in question with the executrix. The second alleged presentment of this claim, therefore, need not be further considered, as the same was not presented in accordance with the law relative thereto, and was entirely illegal and void.

There remains to be considered only the first presentment of the claim.

An examination of the testimony relating to the first presentment of this claim convinces us that such claim was duly presented to the executrix by handing to and leaving with her a copy of such claim with the proper affidavit attached thereto; that she failed and neglected to indorse such allowance or rejection within ten days after the claim had been presented to her, which refusal and neglect was equivalent to a rejection. The action to recover upon the claim was not commenced until long after the ten-day period had expired after the first presentment of the claim. Mary Sebelius, the executrix, was called by the opposite party; and, we think from an examination of her testimony, the effect thereof is to admit that one A. R. Thompson sometime during the month of May delivered to her a duplicate of "exhibit 2," which is the proof of claim by affidavit, to which is attached a copy of "exhibit 1," the note or claim in question. Whether the duplicate of "exhibit 2" was handed to her by Thompson the day he was at the house in May, or sometime in May at the bank, is not material. The main question is, Did Thompson hand to and leave with her a duplicate of "exhibit 2 ?" We think her own testimony so shows.

Some of the testimony given by Mary Sebelius, which almost conclusively proves that she received a copy or duplicate of "exhibit 2," is shown by her testimony, which is as follows:

Q. Did you look at the paper Mr. Thompson gave you?

A. No, I don't look at it. He say that is a copy of the note and you must understand that is a copy of the note.

Q. Copy of the note attached like that is here to this "exhibit 2?"

A. Yes.

Q. Did you look at the copy of the note that was on the paper?

A. He just showed it to me.

Q. He gave you the paper?

A. Yes.

Q. And you took it home with you?

A. Yes.

She further testified that she took this paper up to show it to Mr. Gooler, but he was not at home, and she took the paper home again. Afterwards she could not find the paper.

We think this testimony is quite conclusive that the claim was properly presented to and left with Mary Sebelius, the executrix, sometime during the month of May, 1916. "Exhibit 2" is in evidence. On the margin thereof is written the following language, with what appears from the writing to be an indelible pencil: "Copy of this presented and delivered to Mrs. Sebelius May 23, 1916. A. R. Thompson." A. R. Thompson is the one who Mary Sebelius testified was out to her place in May. There is no proof in the record that the marginal notation was written thereon by A. R. Thompson, or that he signed his name thereto, and it may not have much weight when examined in the light of the rules of evidence, but it may be considered, however, a circumstance, when considered in the light of the testimony given by Mary Sebelius, the executrix, tending to show a delivery of a copy of the claim to Mary Sebelius in May, 1916.

We are convinced that the testimony shows a proper presentment of this claim as required by law to Mary Sebelius as such executrix sometime in May, 1916, and that no action was commenced against her until after the expiration of ten days after the presentment of such claim, but was commenced within four months after such presentment.

There has been some question raised in this case concerning the four

months,' and six months,' period allowed by law in which creditors may present claims, there being no testimony to show what the value of the estate was. The law is, under § 8734, Compiled Laws of 1913, that if the estate exceeds in value $5,000 the time expressed in the notice to creditors must allow six months for presentation of claims against the estate; if $5,000 or less, the time allowed would be four months. In any event, in this case the claim was presented within four months, and the suit was properly and timely brought upon the rejection of such claim.

The appellant also invokes § 7871, Compiled Laws of 1913, claiming that Mary Sebelius, the executrix, was incompetent to testify, and therefore her testimony was of no force and effect, and has no probative value. Subdivision 2 of such section is relied upon by the appellant, which is in part as follows: "In civil action or proceeding by or against executors, administrators, heirs at law, or next of kin, in which judgment may be rendered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction whatever with, or statement by, the testator or intestate, unless called to testify thereto by the opposite party. It will be noticed in this case that the executrix was called by the opposite party. She thus came within the exception, and her testimony was competent. In any event, the plaintiff in this case had no transaction with the decedent. Whatever transaction he had was with the bank from whom he purchased the note in question, and the cashier of the bank from whom he purchased the note was a proper witness and was not disqualified under § 7871, and was under no disability to testify to the execution and delivery of such note. Sunberg testified as to the purchase of the note, and the amount of money which he paid for the note, which was $1,700. There is no showing but that he purchased the note in good faith and is a holder for value. The testimony shows that he is a holder for value.

Considering appellant's claim that there is a new note outstanding of "exhibit 1," the note or claim under consideration, we conclude, that is not a matter which is involved in this action. If there is a renewal note outstanding of the note in question, or if it should ever appear that the bank indorsed and transferred such original note for the purpose of avoiding any defenses, which matter is referred to in the opinion of the trial court, which is a part of the record, the appellant proba-

bly has her remedy at law or otherwise to reach any such conditions, if they exist, but so far as the record in this case is concerned, we have only to consider the proper and legal presentment of the claim in question to the executrix, and other questions germane thereto. The motive, if any, of the bank in making such transfer of the note to Sunberg, its desire to cast off defenses, if any, to such note, its fraud, if any, is not presented to us in this case; the bank is not a party to this action. So far as this record shows, Sunberg purchased said note in good faith before maturity thereof for value, from such bank.

The judgment is affirmed, with costs.

BIRDZELL, J. (concurring specially). I concur in an affirmance of the judgment and in the opinion of Mr. Justice Grace, assigning the reasons why the judgment must be affirmed. However, I am so firmly of the opinion that the first presentation to the executrix in May, 1916, was sufficient for the reasons assigned by Justice Grace, that I do not deem it necessary to express any opinion as to the sufficiency of the second presentment in July, 1916. I therefore refrain from expressing any opinion upon the interpretation of § 8740, Comp. Laws 1913, in so far as the sufficiency of the second presentment is affected thereby.

CHRISTIANSON, J. (concurring specially). I concur in the result reached in the opinion prepared by Mr. Justice Grace, but am not prepared to concur in the construction placed upon the statutes relating to presentation of claims to an administrator or executor.

These statutory provisions were intended solely for the benefit of the administrator or executor. He may take ten days in which to consider or investigate a claim, or may require additional proofs as to its validity in case of doubt, but he is not required to do either. If he has sufficient knowledge to enable him to pass upon the merits of the claim, he may, if he desires, approve it or reject it immediately upon its presentation. If he approves it, the claim goes to the county judge for consideration. If he doubts its correctness, he may enter into an agreement in writing with the claimant for a reference of the claim. Comp. Laws 1913, § 8747. If he rejects the claim the claimant must bring suit thereon in the proper county within the time prescribed by law. Comp. Laws 1913, § 8742.

It is true the statute provides two different modes in which an executor or administrator may reject claims. "One is by actually indorsing a rejection on the claim, with the day and date of such rejection; the other is by nonaction on the part of the administrator, executor or probate judge, as the case may be; for a period of ten days after such claim is presented. *Such nonaction may consist of either a neglect to act or a refusal to act upon the claim,* but in either case it is just as much of a rejection of the claim as an affirmative rejection by written indorsement." Boyd v. Von Neida, 9 N. D. 337, 338, 83 N. W. 329.

But the statute, also, recognizes the propriety of presentation of claims by a notary public, and provides that, "if the presentation be made by a notary, the certificate of such notary, under seal, is prima facie evidence of such presentation and rejection." Comp. Laws 1913, § 8740.

"It [the rejection] is important only," said Young, Ch. J., Re Smith, 13 N. D. 513, 515, 101 N. W. 890, "in setting the special Statute of Limitations in motion."

A claim is presented when it is exhibited to the executor or administrator. Comp. Laws 1913, § 8734.

In this case it clearly appears that the claim was exhibited to the executrix upon two different occasions, both within the time limited for presentation of claims; and that this action was timely brought upon either presentation. In fact this action was brought within four months after the first publication of notice to creditors. The executrix never expressed a desire to have the claim left with her, or to have further proof as to its validity. It is unquestioned that she had no intention or desire to allow the claim. On the contrary she consistently and persistently denied its validity.

It is a maxim of our jurisprudence that the law neither does nor requires idle acts. Comp. Laws 1913, § 7266. It is also a maxim that the law respects form less than substance. Comp. Laws, § 7262. And the courts have generally held that a substantial compliance with the statutes relating to presentation of claims is sufficient. 18 Cyc. 479; Woerner, Administration, § 386. In applying these statutes their purpose should be kept in mind. They were intended to provide for orderly procedure in presentation of claims against a decedent. They were doubtless intended to throw proper safeguards around the estate

so as to prevent the presentation or allowance of fraudulent claims, but that they were not intended to cause undue annoyance or expense to honest claimants or to defeat legitimate claims against the estate.

If it is true that a claim must not only be exhibited to but actually left with the administrator or executor regardless of his refusal to consider it, then a claimant would be required by judicial proceeding to compel the executor or administrator to reject the claim by written indorsement, or receive and retain the claim for ten days or more and reject it by nonaction. I cannot believe that the legislature intended to provide such cumbersome methods or require such needless acts. It seems to me that when an executor or administrator who has had an opportunity to make all the investigation he desires, disclaims liability and refuses to recognize, receive, or file the claim at all, that this constitutes a sufficient rejection upon which to base an action on the claim.

BRUCE, Ch. J. I concur in the views expressed in the opinion of Mr. Justice Christianson and as thus qualified in the opinion of Mr. Justice Grace.

ROBINSON, J. (concurring). The plaintiff sues to establish against the estate a claim based on a promissory note for $1,700 and interest at 10 per cent. The note was due October 1, 1915. The district court gave judgment for plaintiff, and the executrix appeals. By answer she denies any knowledge or information sufficient to form a belief concerning the making, delivery, and nonpayment of the note, and yet the fair presumption is that she knew all about it. She was the wife of the deceased, and she must have known of his making that note. The note was put in evidence with proof that the claim had been duly presented to the executrix for allowance, and she refused to allow it, and said she would not pay it until she had to. She denies the concluding part of the complaint, which avers that the claim was duly presented to her and that she refused to allow it. That part of the answer becomes wholly immaterial in view of the fact that the answer does in effect deny the claim. It in effect avers that the presentment of the claim would have been of no avail, and the law neither does nor requires idle acts. On the trial of this case the claim was presented and proved to the satisfaction of the district court, and it was duly

adjudged that there was due $2,180.95 and that the same be paid by the executrix in due course of administration.

The burden of appellant's brief is on the presentation of the claim. There is no attempt to show that it is unjust. There is no specification showing that the evidence is insufficient to support the findings. The promissory note and the proof of claim is in evidence. The note was made to the Merchant's Bank of Overly to secure $1,700 and interest at 10 per cent. It became due October 1, 1915. It was duly indorsed to the plaintiff for $1,700 in cash money.

By a little honest inquiry the executrix and her attorney could have learned, if they did not know, all the facts concerning the note. It was her duty to know and to ascertain the facts. It was not for her to shut her eyes and to say that she did not see. The record shows no excuse or reason for the defense or the appeal to this court.