515 P.2d 48

In the Matter of the ESTATE of Elizabeth
L. MAST, Deceased.

The VALLEY NATIONAL BANK OF ARI-
ZONA, a corporation, and Southern Ari-
zona Bank and Trust Company, a corpora-
tion, Appellants,

v.

SOUTHERN ARIZONA BANK AND TRUST
COMPANY, a corporation, and Caroline
Gray, Co-Executors of the Estate of Eliz-
abeth L. Mast, Deceased, Appellees.

Julie Ann Mast CHRISTOFFEL, Katherine
Louise Mast and Robert F. Miller, as
Guardian of the Estate of Jonathan Lee
Mast, a minor, Appellants,

v.

SOUTHERN ARIZONA BANK AND TRUST
COMPANY, a corporation, Appellee.

No. 2 CA–CIV 1329.

Court of Appeals of Arizona,
Division 2.

Oct. 30, 1973.

Rehearing Denied Nov. 23, 1973.

Review Denied Jan. 3, 1974.

**22**

Bilby, Thompson, Shoenhair & Warnock, P. C., by Michael A. Lacagnina, Tucson, for appellant Valley National Bank of Arizona.

Mesch, Marquez & Rothschild, P. C., by Douglas H. Clark, Jr., Tucson, for appellant Southern Arizona Bank and Trust Co.

Robertson, Molloy, Fickett & Jones, P. C., by Russell E. Jones, Tucson, for appellees Southern Arizona Bank and Trust Co. and Caroline Gray.

Chandler, Tullar, Udall & Richmond, by James L. Richmond, Estes & Zlaket, by Donald Estes, Tucson, for appellees and appellants on cross-appeal The Mast Children.

## OPINION

HOWARD, Judge.

The decedent, Elizabeth L. Mast, died on November 19, 1965. The notice to creditors was duly published, and the last day

1. At this time in the proceeding the appellant Southern Arizona Bank and Trust Company was the sole executor of the estate.

for filing creditors' claims was May 14, 1966. The claim of the Valley National Bank in the sum of $10,189.42 was filed on March 21, 1966. The claim of the Southern Arizona Bank in the sum of $7,987.84 was filed on May 3, 1966.

From May 14, 1966, to June 15, 1966, attorneys for the Valley National Bank and the executor Southern Arizona Bank and Trust Company[1] engaged in correspondence, beginning four days after filing the claims, regarding their validity. The Valley National Bank diligently pursued payment by the executor, and the executor actively participated in determining the validity of the claim. After the executor, with the assistance of its attorneys, determined the validity of the claims, the claim of the Valley National Bank was allowed by the executor on June 15, 1966, in the amount of $9,170.70. The claim of the Southern Arizona Bank was approved by the Honorable Lee Garrett on July 25, 1966. He also approved the claim of the Valley National Bank in the sum of $9,170.70 on June 24, 1966. On February 17, 1972, the co-executors filed their second and final account and report and petition for final distribution in which they requested allowance for payment of the claims of both the Southern Arizona Bank and Trust Company and the Valley National Bank of Arizona. As to the claim of the Valley National Bank, the co-executors informed the court that it had been reduced by payments outside the estate to the sum of $1,789.75.

A hearing on the executors' petition for final distribution was held on March 17, 1972. Although no one objected to the payment of appellants' claims, the court on its own motion found the claims to be barred and entered an order disallowing them.

This appeal followed the ruling of the trial court. A cross-appeal has been filed by the decedent's children.

On November 29, 1967, Southern Arizona Bank and Caroline Gray were named co-executors.

Appellants present the following issues:

(1) Were the claims of the Southern Arizona Bank and Trust Company and the Valley National Bank rejected by the executor's failure to endorse upon the claims approval within ten days after presentation?

(2) What is the effect of the express approval of the claims by the executor and judge after the expiration of ten days but within the three-month's statute of limitations prescribed by A.R.S. § 14–579?

(3) Do the words "deemed a rejection" as found in A.R.S. § 14–564(B) create a conclusive presumption or rebuttable presumption?

(4) Did the order of the court settling the first account and report entered on December 26, 1969, become res judicata as to the validity of the claims of the Southern Arizona Bank and the Valley National Bank by failure of interested parties to appeal from said order?

(5) Assuming that non-action of the executor for ten days results in a rejection, does the executor have authority pursuant to A.R.S. § 14–474(B) to approve said claim by compromise when said approval and compromise is within the three-month statute of limitations provided by A.R.S. § 14–579?

■ A.R.S. § 14–579 provides that when a claim is rejected either by the personal representative or the judge, the holder may bring an action thereon against the personal representative within three months after the date of its rejection. If an action is not brought within three months after the date of rejection the claim is forever barred. This bar is of both the right and the remedy. Barnett v. Hitching Post Lodge, Inc., 101 Ariz. 488, 421 P.2d 507 (1966); Lowry v. Crandall, 52 Ariz. 501, 83 P.2d 1003 (1938).

■ It was apparently the position of the court below that once a claim has been rejected by the personal representative or by the judge, neither can thereafter approve the claim, the only remedy being the filing of an action within three months after the date of rejection. We do not agree. The purpose of the filing requirement and time limitation of A.R.S. § 14–579(A) is to inform the personal representative and the court of the valid claims against the estate so that the estate may be expeditiously administered. Barnett v. Hitching Post Lodge, Inc., supra; In re Estate of Pfeffer, 16 Ariz.App. 147, 492, P.2d 27 (1972). The ten-day rejection provision of A.R.S. § 14–564(B) is important only in setting into motion the time limitation of A.R.S. § 14–579(A).

A.R.S. § 14–564(B) provides that if the executor or administrator or the judge refuses or neglects, for ten days after a claim has been presented to him, to endorse on the claim its allowance or rejection the refusal or neglect *shall be deemed a rejection.*

■ Claims of general creditors must first be presented to the executor or administrator. If the claim is approved by the personal representative, he then presents it to the court for approval. A.R.S. § 14–564(A). Every claim allowed by the personal representative, approved by the court and filed as provided by A.R.S. § 14–565(A), can be paid in the due course of administration.

■■ When the personal representative is a creditor of the decedent his claim is presented directly to the court. A.R.S. § 14–568(A). In re Estate of O'Brien, 18 Ariz.App. 375, 502 P.2d 176 (1973); In re Estate of Elerick, 11 Ariz.App. 559, 466 P.2d 778 (1970). The ten-day automatic rejection rule applies to the claim of a personal representative. In re Estate of O'Brien, supra. The claim of the Southern Arizona Bank and Trust Company did not have to be presented to itself prior to presentation to the court for approval.

24

Section 6405 of the North Dakota Revised Code 1899 contains a provision similar to A.R.S. § 14–564(B) together with a statutory requirement that a suit be brought within three months after rejection. Failure to do so bars the claim forever. In the case of In re Smith's Estate, 13 N.D. 513, 101 N.W. 890 (1904), a creditor's claim was duly presented to the administrator who endorsed his allowance within ten days after it was presented. It was then presented to the judge. The judge did not approve the claim within the ten-day period as required by the North Dakota statute. However, he did allow the claim less than ninety days after its presentment. The lower court held that the claim was rejected by operation of law because of the failure of the judge to approve it within ten days after its presentation, that such rejection was *irrevocable* and that the judge had no authority to allow it. In reversing the lower court the North Dakota Supreme Court stated:

"Section 6405, supra, was before us for construction in Boyd v. Von Neida, 9 N.D. 337, 83 N.W. 329. We held that it was the purpose of that section to fix the time when claimants secure the right to sue upon their claims, and when they become barred under the special limitation prescribed by section 6407, and that for these purposes a rejection by nonaction is equivalent to an actual rejection by written indorsement. This conclusion was followed and approved in Farwell v. Richardson, 10 N.D. 34, 84 N.W. 558. In both cases a recovery was sought in the district court upon claims which had been duly presented for allowance, and upon which no action had been taken for more than three months. In both cases the defendant invoked section 6407, which requires suit to be brought within three months after the rejection of the claim, and this defense was sustained. The defendant prevailed, however, not because the claims had been rejected, but because the actions were not brought within 90 days from the rejection. The mere fact that a claim has been rejected is no defense in an action upon it. It is important only in setting the special statute of limitations in motion. A rejection by an administrator or executor and county judge never has, of itself, the effect of defeating a recovery in an action upon the claim. Indeed, the presentation to and rejection by one of them is essential to the right to sue. See section 6408, supra; also, Lichtenberg v. McGlynn, 105 Cal. 45, 38 P. 541; . . .

A rejected claim may be sued upon at any time within three months after its rejection, and the executor or administrator be compelled to pay it in due course of administration. No reason is suggested why the administrator may not voluntarily do what he may be compelled to do. There is no statute which restricts his right to allow claims, other than that they must not be barred either by the special or general statute of limitations. The appellants' claim had, it is true, been constructively rejected, but it was not a barred claim when the county judge allowed it. Had it been rejected by written indorsement, the result would not be different, for there is no reason why the county judge cannot, in his discretion, set aside a previous rejection and allow a claim, provided, only, this is done before it is barred; and so the cases hold. Husted v. Hoyt, 12 Conn. 160; Calanan v. McClure, 47 Barb. (N.Y.) 206; Burks v. Bennett, 62 Tex. 277; Gillespie v. Wright, 93 Cal. 169, 28 P. 862." 101 N.W. at 891–892.

■ The ruling in the North Dakota case makes good common sense. It may often take the executor or administrator more than ten days to investigate a claim. If we were to affirm the judgment of the lower court it would mean that on the eleventh day, the executor or administrator or judge, after finding the claim to be valid, would be compelled to require the credi-

tor to file suit. Such a result encourages needless litigation and expense. Appellants' claims were approved and allowed within ninety days from rejection and the approval and allowance was proper.

Cross-appellants are the beneficiaries of a testamentary trust created by the decedent. They question the court's allowance of $15,000 to cross-appellee, Southern Arizona Bank and Trust Company as and for extraordinary attorneys' fees in connection with an interpleader action tried in the federal district court. This case ultimately went to the United States Court of Appeals, Ninth Circuit. Franklin Life Insurance Co. v. Mast, 435 F.2d 1038 (9th Cir. 1970). The co-executor recovered $92,-920.44 for the estate as the result of the suit.

■ We have examined the record of the hearing concerning allowance of the extraordinary fee. The attorney for the cross-appellee and a member of the Pima County Bar both testified as to its reasonableness. Cross-appellant presented no evidence to contradict their testimony. The trial court did not abuse its discretion in awarding the sum of $15,000 for extraordinary attorneys' fees.

The order of the court allowing extraordinary attorneys' fees in the sum of $15,000 is affirmed.

The order of the court disallowing the creditors' claims of Valley National Bank of Arizona and Southern Arizona Bank and Trust Company is set aside and the case is remanded for further proceedings consistent with this opinion.

HAIRE and EUBANK, JJ., concur.

NOTE: Judges HERBERT F. KRUCKER and JAMES D. HATHAWAY having requested that they be relieved from consideration of this matter, Judges LEVI RAY HAIRE and WILLIAM E. EUBANK were called to sit in their stead and participate in the determination of this decision.