THEODORE A. LEWIS, Administrator, &c. *v.* MARTHA LUSK.

EXECUTOR AND ADMINISTRATOR: ESTATE NOT BOUND OR PREJUDICED BY THE ADMISSIONS OF THE ADMINISTRATOR.—An estate cannot be prejudiced or estopped by the mere silence of the administrator, or his omission to assert title for the estate, or to do an act in relation to its interest; and hence, in a controversy between the administrator and a third person, involving the question of the title of the decedent to property, it is incompetent to show that the administrator acquiesced in the claim of the adverse party, by introducing in evidence his inventory of the estate, in which the property in controversy is not embraced as a part of the assets of the intestate. See *Magee* v. *Gregg,* 11 S. & M. 70 ; *Woods* v. *Ridley,* 27 Miss. 149.

ERROR to the Circuit Court of Yalabusha county. Hon. Wm. Cothran, judge.

*Aldridge* and *Gollady,* for plaintiff in error,

Cited 1 Chit. Pl. 44 ; *Woods* v. *Ridley,* 27 Miss. R. 149 ; *Duncan* v. *Watson,* 28 Ib. 187 ; 13 S. & M. 79 ; 30 Miss. R. 36 ; 31 Ib. 469.

*E. C. Walthall* and *J. Z. George,* for defendant in error.

HANDY, J., delivered the opinion of the court.

This action was brought by the defendant in error, to recover the hire for certain slaves, alleged to be her property, and which had been in the possession and employment of the intestate of the plaintiff in error.

The case turned upon the question, whether one of the slaves, and the only one for which hire was claimed on the trial, was the property of the defendant in error or of the plaintiff's intestate.

It appears that the slave had been the property of John Lusk, the husband of the defendant in error, and the father of the plaintiff's intestate, Robert Lusk ; and that John Lusk died many years ago intestate, in the State of South Carolina, in possession of the slave, and that no administration had been taken of his estate,

nor any division thereof between his widow and the plaintiff's intestate. Evidence was adduced in support of the action, tending to show that Robert Lusk had admitted or acquiesced in the title of the plaintiff below to the slave. The plaintiff below then offered in evidence, the inventory of the personal property of Robert Lusk, returned to the Probate Court by the defendant, his administrator, which showed that the slave in question was not returned as a part of the intestate's estate. The defendant objected to its introduction; but the objection was overruled, and the inventory was permitted to go in evidence.

The purpose for which this evidence was offered, was to show an act of the administrator involving an admission that the slave was not the property of the intestate, to conclude the estate by a mere act of omision of the administrator. We consider it manifest that the evidence was inadmissible.

An administrator has no authority to convey the personal property of an estate, such as slaves, even by his positive act, except in the manner pointed out by law; much less will the rights of the estate be concluded by his mere omission to do his duty. This would be the case, if it were shown that he was cognizant of all the facts in relation to the property in question. For it might be doubtful whether the property belonged to the estate, and he might not be willing to incur responsibility for it by returning it in his inventory, when, in fact, it might not belong to the estate; or he might commit an error of judgment, in acting upon the belief that it did not belong to the estate. His failure to assert the right, or to set up the title of the estate, could not therefore operate to the prejudice of its rights. In certain cases, which, from their nature, call for or justify his action, he may bind the estate by his positive act; as in the case of *Duncan* v. *Watson*, 28 Miss.; but these cases arise from the peculiar circumstances and nature of the act done, and form exceptions to the general rule. But an estate cannot be prejudiced or estopped by the mere silence of the administrator, or by his omission to assert title, or to do an act in relation to its interest. *Magee* v. *Gregg*, 11 S. & M. 77–80; *Woods* v. *Ridley*, 27 Miss. 149. There may be exceptions to this rule, and the defence of the Statute of Limitations, in virtue of which title has been perfected by possession, appears to be one; but the

omission of the administrator, here relied on, does not constitute an exception, and the evidence was improperly admitted.

Judgment reversed, and cause remanded for a new trial.