## WILLIAMS v. JACKSON.

No. 8362—Opinion Filed March 11, 1919.

(179 Pac. 603.)

(Syllabus.)

1. **Executors and Administrators—Disallowance of Claim—Effect.**

Under section 6342, Revised Laws of 1910, a claim against an estate may be rejected by an administrator either by indorsing his written disallowance on said claim or by neglecting or refusing to act thereon for a period of 10 days after it is presented, and in either case the rejection is, under said section, a rejection by the administrator.

2. **Same—Nonaction as Rejection—Suit on Claim—Limitations.**

The nonaction by the administrator upon the claim for a period of time exceeding 10 days, next after the claim was filed with him for allowance, operates under the statute as a rejection of the claim, and that the time limit for bringing suit on said claim begins to run at once after the 10-day period expires. That no suit can be maintained on said claim 3 months after the expiration of said 10-day period.

3. **Same—Allowance of Claim After Time Limited.**

The indorsement of allowance made upon the claim by the administrator after more than 3 months after the 10-day period expired was void, and does not operate to allow or validate a claim either in whole or in part. At the time said indorsement was made, the claim had passed beyond the jurisdiction of the administrator to allow the same, and had reached the status of a rejected claim, barred by section 6344 of Revised Laws 1910.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by J. A. Jackson against Boone Williams, administrator of the estate of Henry C. James, deceased. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions to set aside the judgment.

Geo. A. Fooshee, for plaintiff in error.

A. T. West, for defendant in error.

McNEILL, J. This is an appeal by Boone Williams, administrator of the estate of Henry C. James, deceased, from a judgment in favor of J. A. Jackson, rendered in the district court of Coal county. Williams was administrator of the estate of Henry C. James. On November 13, 1908, the administrator gave notice to creditors to present their claims, and on November 15, 1908, Jackson presented to the administrator a claim against the estate in the sum of $150. The claim is indorsed as follows:

"The above claim was presented to me on the 15th day of November, 1908, for allowance and on the 15th day of March, 1909, the said claim was allowed.

"Boone Williams, Administrator."

It further appears that the claim was presented to the county judge, who on the 12th day of October, 1909, indorsed the same as disallowed; but on the 28th day of March, 1910, he indorsed the same as having been allowed. The administrator reported said claim as a charge against said estate, but on filing his final report the same was not included in said report. The administrator was not discharged upon the day set for hearing the final report, nor was the hearing

continued. Jackson through his attorney filed an objection to the approval of the report of the administrator, but the same was evidently overlooked by the court, and was not acted on, for thereafter the report was approved and the administrator was discharged. Then, after discharging the administrator, Jackson filed a motion to set aside the order discharging the administrator, for the reason the court was without jurisdiction to approve the report and discharge the administrator at a day other than the day set for hearing or to which it had been continued. Thereafter the court set aside said order discharging said administrator and made an order directing the administrator to pay the claim of Jackson in the sum of $150, and rendered judgment against the defendant Boone Williams as administrator, and his bondsmen. From said judgment, an appeal was taken by Boone Williams to the district court of Coal county, and the judgment was there affirmed. The case is now brought to this court upon appeal. For grounds of reversal on said appeal, plaintiff in error alleges that the claim was barred by the statutes at the time of being allowed by the administrator, and by the county judge, and did not create a liability against said estate or administrator.

Section 6342 of the Revised Statutes of 1910, provides as follows:

"* * * If the executor or administrator, or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day. * * *"

Section 6344 provides:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

It is the contention of plaintiff in error that this claim having been filed with the administrator on the 15th day of November, 1908, under and by virtue of section 6342, Revised Laws of 1910, when the administrator had not indorsed on the same that it had been allowed or disallowed, the same became rejected on the 10th day thereafter, or, to wit, the 25th day of November, 1908. No suit was brought on the same within three months from said date, which would be the 25th day of February, 1909, when said claim would be barred by section 6344 of the Revised Laws of 1910. That any allowance by the administrator after the claim had assumed the status of being a rejected claim barred by the above statute would be null and void, and would create no liability against said estate or the administrator. And likewise, if the allowance by the administrator was null and void, any allowance by the county judge thereafter would likewise be null and void, and any order directing the payment of said claim would have the same force and effect. The construction of these statutes as to this particular point has not been construed by the courts of this state, but the same statute is in force and effect in several states. The statute is almost identical with the statute in force in North Dakota and has been construed by the Supreme Court of that state in the case of Boyd v. Von Neida, 9 N. D. 337, 83 N. W. 329. The court stated as follows:

"1. Under section 6405, Rev. Codes, 1899, a claim against an estate may be rejected by an administrator either by indorsing his written disallowance on such claim, or by neglecting or refusing to act thereon for a period of 10 days after it is presented, and in either case the rejection is under said section, a rejection by the administrator.

"Section 6405 clearly defines two distinct ways by which claims against estates reach the status of rejected claims. One is by actually indorsing a rejection on the claim, with the day and date of such rejection; the other is by the nonaction on the part of the administrator executor, or probate judge, as the case may be, for a period of 10 days after such claim is presented. Such nonaction may consist of either a neglect to act or a refusal to act upon the claim, but in either case it is just as much of a rejection of the claim as an affirmative rejection by written indorsement, under the plain language of the statute, and is, too, a rejection by such administrator, executor, or probate judge to the same extent and effect as though the rejection had been effected by affirmative action. The statute declares that the refusal or neglect to indorse an allowance or rejection for 10 days after the claim has been presented is equivalent to a rejection on the tenth day. In other words, if a claim is presented to an administrator, and he indorses upon it his disallowance, with day and date of his action, it is then rejected by him. If, however, he neglects or refuses to either allow or disallow the claim by written indorsement for a period of 10 days after its presentation, the law says that such neglect and refusal constitutes a rejection by him on the tenth day after the claim is presented. The rejections are different in form, but not in effect."

This case was followed and approved again by the Supreme Court of North Dakota in the case of Farwell v. Richardson, 10 N. D. 34, 84 N. W. 558. The court stated as follows:

"That the nonaction of the administrator upon said claims for a period of time exceeding 10 days next after the claims were filed with him for allowance operated, under the statute, as a rejection of the claims; and held, further, that the time limited for bringing suit on said claims began to run at once after the 10-day period expired."

This was a case wherein two notes were filed with the administrator, one on the 23d and one on the 25th of April, 1898, and no action was taken thereon until the 8th day of July, 1898, when an agreement was entered into between the parties that the administrator should allow the claim or certain portions thereof. That thereafter on the 14th day of November, 1898, the administrator indorsed his allowance thereon, and the same was presented to the county court on the 9th day of December, 1898, and the same were by him rejected. Plaintiff filed suit thereon, and the court sustained a demurrer to the petition and stated as follows:

"Both the agreement to allow and the attempted allowance by indorsement occurred after the lapse of more than 10 days next following the date of filing the claim with the administrator. The claim was therefore, under the statute, a rejected claim at the time of the agreement to allow and at the time said indorsement of allowance was made. The claim, under the law, was then a rejected claim, on account of the nonaction thereon of the administrator for a period of 10 days after the same had been filed with him for allowance. See Boyd v. Von Neida, supra. The claim was not only a rejected claim when the indorsement was placed thereon, but it was also, under a statute of limitations, an outlawed claim at that time, for the reason that the limitation period of three months had fully run when the administrator indorsed his allowance upon the claim. See section 6407, Rev. Codes 1899. The limitation period fixed by the statute starts running at once upon the rejection of a claim which is due by an administrator or executor, and this is true whether such rejection is brought about by his affirmative action or by his nonaction. Once started running, we know of no action which can be taken either by the administrator or the county court which can fix a new period of limitation. There is certainly no such provision made in section 6407. True, said section provides that, in a case where a claim has been rejected by the county court, suit may be brought upon such claim within three months after the date of the rejection

by that court. It is obvious, however, that this feature of the limitation law can apply only to claims which have been first allowed by the executor or administrator, and then presented to the county court for its action thereon. This claim was never allowed by the administrator, because he was without power to allow the same when he assumed to do so. If the administrator can allow a rejected claim six months after the rejection, we know of no time fixed by law when he will cease to have authority to allow a claim. In our opinion, to so rule would defeat the wholesome purpose of the statute, which manifestly is to expedite the process of winding up the estates of deceased persons."

These cases were again followed by the Supreme Court of North Dakota in the case In re Smith's Estate, 13 N. D. 513, 101 N. W. 891, and followed and approved in the case of Singer v. Austin, 19 N. D. 546, 125 N. W. 561. The Supreme Court of Arizona likewise has followed this construction in the case of Underwood v. Brown, 7 Ariz. 19, 60 Pac. 700.

Defendant in error relies upon the construction of the statute by the courts in the state of California and cites the cases following: Ukiah v. Shoemake, 67 Cal. 147, 7 Pac. 420, also the case of Cowgill v. Dinwiddie, 98 Cal. 481, 33 Pac. 439. But there is a distinction between the California, the North Dakota, Arizona, and Oklahoma statutes. The California statute contains the following provision:

"If * * * the executor or administrator * * * or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect may, at the option of the claimant, be deemed equivalent to rejection on the tenth day." Code Civ. Proc. § 1496.

It can be readily seen that the California statute makes it optional with the party presenting the claim whether the same is rejected or not. These cases were all cited in the case of Asher v. Stull, 61 Okla. 320, 161 Pac. 808, but the question was not passed upon by the court, but Commissioner Hooker recognize the difference in the statute and, referring to the California cases, stated as follows:

"There are other authorities from that state supporting this contention, yet, however, there is some difference between the verbiage between the statutes of Oklahoma and * * * California."

The construction adopted by the Supreme Court of North Dakota is the only construction which gives the full intent and meaning to the language of the statute as written.

It therefore follows that the claim in the above-entitled action at the time Boone Williams, the administrator, attempted to allow the same, was a rejected claim barred by section 6344 of the Revised Laws of 1910. No suit could have been maintained thereon, and any attempt by the administrator to allow the same thereafter was without authority and created no liability against the estate or administrator, on said claim. At the time said indorsement was made, the claim had passed beyond the jurisdiction of the administrator to allow the same, and said claim had reached the status of a rejected claim barred by section 6344 of the Revised Laws of 1910.

It therefore follows that the allowance by the administrator was void. The allowance by the administrator being void, any attempt by the county judge thereafter to allow the some or order the same to be paid, or to render judgment against the administrator on the same would likewise be void.

This cause is therefore reversed and remarded with direction that the judgment of the county court be set aside and held for haught.

All the Justices concur, except Justice RAINEY, not participating.