## COOK v. CASE, Adm'x.

No. 21284. Opinion Filed Jan. 24, 1933.

Johnson & Stith, for plaintiff in error.

Leahy, MacDonald, Maxey & Files, for defendant in error.

ANDREWS, J. The parties hereto will be referred to herein as plaintiff and defendant.

The plaintiff was the owner of a judgment against Vivian Dunlap. Vivian Dunlap died, and the defendant was appointed and qualified as the administratrix of her estate. The plaintiff brought an action to recover a money judgment against the estate of Vivian Dunlap on a claim which was based on that judgment. The trial court sustained a demurrer to the evidence of the plaintiff, and the plaintiff appealed to this court.

Under the provisions of section 1237, O. S. 1931 (section 1238, C. O. S. 1921), an administratrix to whom a claim is presented must indorse thereon her allowance or rejection thereof, with the day and the date of the allowance or rejection thereof, and if she refuses or neglects to do so for ten days after the claim has been presented to her, "such refusal or neglect is equivalent to a rejection on the tenth day."

The claim sued on was not so indorsed.

There is nothing in the record to show that the claim was allowed by the defendant. The action was commenced after the expiration of more than three months and ten days from the time the claim was presented to the defendant. The statute limiting the time for filing suits on rejected claims is section 1239, O. S. 1931 (section 1240, C. O. S. 1921), and is as follows:

"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

The refusal or neglect of the defendant to allow the claim and to indorse the allowance thereon within five days was equivalent to a rejection thereof on the tenth day after the claim was presented to the defendant. The plaintiff could have instituted an action within three months thereafter, but not thereafter. Williams v. Jackson, 72 Okla. 141, 179 P. 603.

The plaintiff cites Powell-Sanders Co. v. Carssow (Idaho) 152 P. 1067, in support of his contention. That case has been carefully considered, but the facts therein are quite different from the facts herein. There the claim was held by the administratrix in order to secure proper credits thereon. In the instant case there was no recognition of the validity of the claim by the defendant or her attorney.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. McNEILL, J., absent.