**DIKEMAN, Adm'r, v. GRAYMOUNTAIN.**

No. 24544.     Sept. 17, 1935.

Rehearing Denied Nov. 26, 1935.

Walter Morris and Pruett & Wamsley, for plaintiff in error.

Morris & Wilhite, for defendant in error.

PER CURIAM. Among the issues involved in this appeal is a jurisdictional issue, which if resolved for the plaintiff in error will be decisive and require a reversal of judgment of the trial court. However, without discussing the questions raised on the appeal, aside from the jurisdictional one involving the statute of limitations of the time in which an action may be brought upon a claim against an estate where such claim is rejected, or not endorsed as allowed within the ten days allowed the administrator for such allowance, the probabilities are the judgment of the trial court should be affirmed.

The reference to the parties is as at the trial.

The plaintiff sets forth the jurisdictional issue in his amended reply. The plaintiff presented his claim to the administrator, defendant, for allowance on April 18, 1932. It was disallowed on the 6th day of June, 1932, but, under the statute, sections 1237, 1239, O. S. 1931, "such refusal or neglect is equivalent to a rejection on the tenth day"; and "the holder must bring suit * * * against the executor or administrator, within three months after the date of its rejection, if it be then due." The petition was filed on July 25 1932, without the issue of summons at that time. The plaintiff alleges matters which he contends amount to an estoppel of the defendant to avail himself of the interposition of the plea of the statute of limitations.

The plaintiff sets out in the amended reply that about July 22, 1932, concluding a negotiation between the parties conducted on the part of the defendant through Walter Morris, his attorney, Sam L. Wilhite, attorney for the plaintiff, informed the defendant's attorney he would file suit on the claim, and the defendant by his attorney agreed that upon the filing of the petition, he would, without the issuance and service of summons, enter his appearance and plead in the cause, "both parties ageeeing that the entry of appearance by the defendant would save the costs of the issuance of service of summons, and such was the object of the agreement." The allegation continues to the effect that plaintiff relied on the representations of the defendant's attorney, renewed on the 25th day of July, 1932, saying:

"* * * And relying upon said statements and representations, this plaintiff's said attorney did forego causing summons to issue in said cause until after the expiration of three months and ten days after said claim was so presented to the said administrator."

Thus the issue of the estoppel on the part of the defendant, administrator, to plead the statute of limitations is presented by the plaintiff in his amended reply.

In support of his position the plaintiff cites Empire Gas & Fuel Co. v. Lindersmith, 131 Okla. 183, 268 P. 218; 17 R. C. L. page 884; 23 C. J. page 1178, sec. 397. This court, in Empire Gas & Fuel Co. v. Lindersmith, supra, holds:

"* * * The question of whether or not the defendant in error was lulled into a sense of security, preventing the filing of his suit before the bar of the statute of limitations, by the representations and agreements of the plaintiffs in error, was a question of fact for the jury upon proper instructions of the trial court, and there being competent evidence to support the verdict and finding of the jury, the same will not be disturbed on appeal. There was sufficient evidence offered to sustain the verdict of the jury."

The plaintiff quotes from 23 C. J., supra:

"An executor or administrator, **in his capacity as such, is as much bound by the laws of estoppel as if he were acting in his individual capacity.**"

Plaintiff emphasizes the words "is as much bound by the laws of estoppel" only. There are other important words in this citation to be noticed later.

The plaintiff also contends that, as the matter was presented by the court in the instructions to the jury upon the proof, and no exceptions were taken to such instructions, "under the decisions of this court above referred to the instruction is deemed to be the law of this case." (Brief, p. 49.)

The question here is one of jurisdiction of the court over the subject-matter. This court held in Williams v. Jackson, 72 Okla. 141, 179 P. 603, that the nonaction by the admin-

istrator for a period of 10 days starts the time limit statute for bringing the action and:

"That no suit can be maintained on said claim 3 months after the expiration of said 10-day period."

Mr. Justice Branson, in Re Fish's Estate, 107 Okla. 12, 229 P. 803, says:

"Held, further, that upon the failure and refusal of the executor to approve the claim presented, it can only be established, if at all, by a suit brought in the proper court against the executor within the time and manner prescribed by section 1240, C. O. S. 1921" (1239, O. S. 1931). Citing In re Barnett's Estate, 52 Okla. 623, 153 P. 653.

The issue is presented by the answer at page 15 of the record in this language:

"As a further defense to this action, defendant alleges that the said action is barred by the statute of limitations; that the claim herein referred to by plaintiff and marked 'Exhibit A' became a rejected claim immediately after ten days from the time it was filed with the administrator and that this action was not brought within three months thereafter as required by the laws of this state."

This is not an ordinary cause of action upon which the parties may waive the statute of limitations. The proceedings to establish the claim by final judgment begins by its presentation to the administrator for its allowance. On its rejection the claimant does not appeal, but must bring an action thereon within a time limit fixed by the statute. The statute and the construction fixes the remedy.

"The remedy of the claimant is the same where the executor or administrator disallows a claim when presented to him in the first instance, or when he allows it and the county judge thereafter rejects it. In either case, he must bring suit upon such claim in the proper court against the executor or administrator within the statutory period." Osborn v. Forsythe, 54 Okla. 40, 153 P. 207.

The statute defines the method of establishing claims against estates. Mr. Commissioner Brewer, in Re Barnett's Estate, supra, speaking for the court, says:

"* * * If the claim is refused and disallowed by either the administrator or the court, that is the end of the matter, so far as those officers are concerned, and the claimant, for relief, must go into the proper court considering the amount of his claim, and there have its validity determined. So far as we know from this record, the administrator disallowed this claim. If so, the the county court was without power to override this action and allow it. Therefore, if the county court was without power to allow this claim, of course, the district court would likewise be without such power on appeal."

"The claimant, for relief, must go into the proper court considering the amount of his claim and there have its validity determined." He must first go to the administrator, whose office is quasi judicial in the matter of allowance or rejection of claims against the estate. When the claim is rejected, this is a final judgment against its validity unless the jurisdiction of "the proper court" is invoked by the commencement of an action "and there have its validity determined." The time of commencing such action is vital. It must be commenced before the expiration of the three months from the rejection of the claim by the administrator, in order to give "the proper court" jurisdiction to "have its validity determined." Thus we hold the county court may not act upon a claim where the administrator disallowed it. The action of the administrator on the claim is part of the jurisdiction of "the proper court" to determine "its validity." It therefore follows that the time between the rejection of the claim by the administrator, and the time of the commencement of an action on such rejected claim in "the proper court" to determine "its validity," is a matter of jurisdiction fixed by statute. It cannot be waived by the parties.

This is broader than the contention of the plaintiff in error; but as the answer set up the jurisdictional matter by the plea of the statute of limitations as to the commencement of the action out of time, and the amended reply by the way of confession and avoidance pleads estoppel, this question is before the court and involves no change of the theory of the appeal.

The real question in this appeal must be whether the action on the part of the attorney for the defendant amounted to an appearance in the trial court so as to confer jurisdiction on such court over the subject-matter of the claim rejected by nonaction by the administrator defendant. The trial court in effect reviews the action of the administrator on the claim. It affirms or reverses the decision of the administrator in rejecting the claim. It must get its jurisdiction to do this before the expiration of three months from the adverse action by the administrator. The question presented here is not one of the appearance by the attorney to give the court jurisdiction of the subject-matter of the action, but of making a promise to appear so as to estop himself to challenge the

want of jurisdiction of the court because the action was not commenced within the period prescribed by the statute.

Counsel for both parties have presented carefully prepared briefs for the assistance of the court in this review. The range of investigation has been very considerable. The question of the relation of attorney and client has been explained; the question of appearance and presumption to appear by attorney commented on; but the question of an attorney agreeing to appear, as a matter for estoppel of his client by failure to so appear, has not been found in the authorities cited in the briefs.

Service of summons on the attorney for the defendant would not confer jurisdiction; nor could he waive the issuance and service of such summons; nor could he acknowledge on the back of a summons service for the administrator except it be upon authority beyond the ordinary relation of attorney and client.

Under the Oklahoma statutes the administrator must plead the statute of limitations; he cannot waive the statute of limitations; and he cannot estop himself by act or silence so as to make such a plea unavailable.

Council for the plaintiff, at page 48 of his brief, cites 23 C. J. p. 1178, sec. 397, to the apparent effect that an administrator is as much bound by the laws of estoppel as an individual. The note (74) to that paragraph explains its meaning, (a) **"Circumstances raising estoppel"**; and (b) **"Circumstances not raising estoppel."** The construction placed on this paragraph by defendant is too broad. Lewis v. Lusk, 35 Miss. 696, is one of the cases cited in which the administrator was sought to be estopped by his mere silence. The court says:

"An administrator has no authority to convey the personal property of an estate, such as slaves, even by his positive act, except in the manner pointed out by law; much less will the rights of the estate be concluded by his mere omissions to do his duty. This would be the case if it were shown that he was cognizant of all the facts in relation to the property in question. * * * But an estate cannot be prejudiced or estopped by the mere silence of the administrator, or by his omission to assert title, or to do an act in relation to its interest."

In the instant case, the administrator, and much less the attorney, could not agree to pay the claim out of the assets of the estate, nor could he enter into any contract to waive the statute nor prevent the running of the statute of limitations that would validly bind him to observe. He could not be estopped from doing that which he could not under his trust authority bind himself to do.

In this case the plaintiff filed his petition upon the claim, rejected by the nonaction of the administrator, within the three months from its rejection; he relies on the promise of the person he assumes to be the attorney for the defendant administrator, that an appearance and pleading will be filed before the expiration of the three months' period within which such action must be brought and without the issuance and service of a summons; thereafter, on the failure of the defendant or his attorney to plead to his petition, and after the said three months' period has elapsed, the plaintiff causes the issue and service of summons upon the defendant. The defendant pleads the statute that the action was not brought within three months after the rejection of the claim sued on. The plaintiff pleads estoppel of the defendant to interpose such plea setting forth the acts relied upon for such estoppel.

We hold that, when the claim was rejected by the nonaction of the administrator, the plaintiff was required by the statute to bring the action thereon "within three months after the date of its rejection;" and whatever he did must amount to a bringing of such action within the period so prescribed by the statute. When he did anything less than bring the action within that time, he acted at his peril. He cannot avail himself of an estoppel to date the commencement of this action prior to the date of summons, July 30, 1932. The judgment of the trial court is reversed, with direction to sustain the demurrer to the amended reply and dismiss the plaintiff's action.

The Supreme Court acknowledges the aid of Attorneys Bruce L. Keenan, C. S. Bliss, and Sanford Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Keenan and approved by Mr. Bliss and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.