### REED, Adm'r, v. CHARLES BROADWAY ROUSE, Inc.

No. 25080.   Nov. 5, 1935.

O. F. Mason, for plaintiff in error.

John H. Venable and Gayle M. Pickens, for defendant in error.

RILEY, J. This is a second appeal growing out of the settlement of the account of plaintiff in error as administrator of the estate of Leonard H. Storm, deceased.

Charles Broadway Rouse, the principal creditor of the estate, files a cross-petition in error.

Reed was appointed administrator of the estate of Leonard H. Storm, deceased, on May 4, 1925. On July 21, 1928, he filed his final account in the county court of Ottawa county.

Therein he claimed or prayed for an allowance to him of credit of $1,000 as his commission for special services rendered the estate; a reasonable allowance to his attorney in addition to the sum of $100 already paid the attorney; that a widow's allowance be granted out of the estate and that and other items as preferred claims, particularly one to Dr. Harper for attendance on deceased during his last illness.

Charles Broadway Rouse, Inc., the principal creditor of the estate, protested the approval of the final account, and particularly the claim of $1,000 for special services alleged to have been rendered the estate by the administrator, the widow's allowance, and the payment to the widow of the sum of $480 collected by the administrator on a sick and accident policy appearing to have accrued on account of confining sickness before the death of Storm. It also protested the allowance of any

commission to the administrator for ordinary service because of undue delay in closing the estate.

A hearing was had in the county court, resulting in the approval of the final report and allowance of $500 attorney's fee to the attorney for the administrator, $900 widow's allowance, and $221.31 to Dr. Harper.

From the judgment, Rouse, Inc., perfected an appeal to the district court, where the order of the county court was affirmed. The creditor then appealed to this court, where the judgment of the district court was reversed, Charles Broadway Rouse, Inc., v. Reed, Adm'r, 161 Okla. 280, 18 P. (2d) 515.

After the cause was remanded to the district court, the judgment theretofore entered was, on motion of Rouse, Inc., set aside, but further hearing was granted.

Upon such hearing the court found that the estate was insolvent, and entered judgment denying the widow's allowance, denying compensation to the administrator for alleged extraordinary services in the sum of $153.35; allowing an attorney's fee to the attorney for the administrator in the sum of $250 in addition to $100 theretofore paid, allowing the claim of Dr. Harper, in the sum of $215, for medical services during the last illness of deceased, and charging the administrator with interest at 6 per cent. on the sum of $3,248 belonging to the estate and found by the court to have been used by the administrator for his own benefit since August 1, 1925.

From that part of the judgment denying a widow's allowance; denying commissions for alleged extraordinary services; charging the administrator with interest on the money in his hands; and not allowing an attorney's fee in the sum of $500, the administrator appeals.

From that part of the judgment allowing the administrator statutory commission on the amount of money collected, allowing the claim for medical services during the last illness of deceased, and allowing the attorney's fee of $250 in addition to the sum of $100 already paid, the protesting creditor, Charles Broadway Rouse, Inc., appeals.

Plaintiff in error first contends that the court erred in allowing a trial de novo in the district court, and contends that the notice of appeal from the county court was not sufficient to warrant a trial de novo on both questions of law and of fact.

That question was settled in the former appeal. At the first trial the court refused to hear evidence anew, and that was one of the grounds of appeal.

It is also contended that the court erred in refusing the widow's allowance.

The record conclusively shows that the estate was insolvent.

It appears that letters of administration were granted in May, 1925. No claim for widow's allowance was filed until August 20, 1928.

The judgment does not specify upon what ground the widow's allowance was denied, or for what reason the court refused to admit evidence by the administrator in support of the claim. Counsel for Reed does not cite any authority in support of his contention other than the provisions of the statute, sections 1226 and 1227, O. S. 1931.

Under section 1226, supra, the matter of the allowance of such a claim is within the discretion of the court.

It cannot be said as a matter of law that there was an abuse of discretion under the record in this case. While the law does not prescribe any time within which an application for widow's allowance shall be made, it does provide that in case of an insolvent estate the allowance must not be for longer than one year after granting letters testamentary or of administration.

The general rule is that it is the duty of a widow to make her claim for allowance promptly. 24 C. J. 257.

In Zunkel v. Colson, 109 Iowa, 695 it is said: "As a general rule, such an application can only be entertained during the time support is intended." There the statute required the widow to make application for the allowance before same could be made.

In this state there is no statute requiring an application therefor before a widow's allowance can be made, but it is well known that the practice in this state is that no allowance is granted unless upon application.

The reason for the rule stated in Zunkel v. Colson, supra, is that the allowance when made is intended solely to furnish the widow with means of "present" support and is not intended as a gift or to compensate the widow on account of any apparent injustice which the widow may, in some cases, be subjected to under the statutes of distribution. Kingman v. Kingman, 31 N. H. 182.

Cases might be cited showing that the de-

lay in filing an application may, under certain circumstances, be excused, but counsel for the administrator has twice had opportunity to present authorities, if any there be, in support of the right of the widow, in the circumstances of this case, to an allowance, and has failed to do so.

In such circumstances we do not feel called upon to disturb the ruling of the district court.

It is next contended that the court erred in charging the administrator with interest. He admitted that he used the money himself "subject to call." Again he cites no authority in support of his contention.

Generally, an executor or administrator who appropriates money of the estate to his own use is properly chargeable with interest thereon. 24 C. J. 77.

The next contention is that the court erred in refusing extra compensation on account of alleged extraordinary services rendered.

There is no evidence of services rendered the estate, other than such as are ordinarily rendered. For such services the statute provides the amount of compensation. Preparing a stock of merchandise for sale, selling it under the order of court, are but the services ordinarily expected of an administrator. For this the statute provides compensation. He was allowed the full amount as for ordinary services, and of this he has no right to complain. He fell far short of a showing of extraordinary services.

The question of insufficient allowance to the attorney for the administrator is without merit. It is not presented in the brief and will be treated as abandoned.

We pass to the cross-petition in error by Charles Broadway Rouse, Inc., the objecting creditor.

It is first contended that the court erred in refusing to enter judgment upon the mandate and opinion of this court in the former appeal in its favor upon all the controverted questions.

The contention is not well taken. It will be observed that the reason given for the reversal in the former appeal is that defendant in error had neither filed a brief nor offered an excuse for the failure, and that the authorities cited in the brief of plaintiff in error appeared reasonably to sustain the assignment of error, and that the order was that the trial court set aside the judgment and order appealed from in accordance with the prayer of the petition. The trial court did set aside the judgment and order appealed from. The mandate directed the trial court to "issue such process and take such further action as may be in accord with right and justice and said opinion."

It may be observed that one of the grounds of the first appeal was that the trial court had refused to grant a trial de novo on appeal from the county court, and had refused to hear evidence, and entered judgment upon the record as made in the county court. This question was relied upon and briefed in the former appeal, as appears from a copy of plaintiff in error's brief in that case attached to its brief herein. Cross-petitioner herein now complains of the action of the trial court in doing one of the things which was refused in the former trial, that is, taking evidence and trying the case de novo. There is no merit in the contention.

On the question of attorney's fee allowed, cross-petitioner says it has little complaint, since there was a difference of but $25 in the amount allowed by the trial court and that contended for by protestant. We therefore treat the matter as waived.

The next contention is that the court erred in allowing the administrator any fee or compensation. We have said that the record shows the administrator had rendered the services ordinarily expected of an administrator. The court allowed him the commission therefor provided by law. There was some delay, perhaps inexcusable, in filing the final report. But no authorities are cited holding that such delay would necessarily deprive the administrator of his commission. The contention cannot, under the circumstances, be sustained.

It is next contended that the court erred in allowing the claim of Dr. Harper for medical services rendered during the last illness of Leonard H. Storm, deceased.

The claim, when presented to the administrator, showed upon its face that it was not verified, and in this form it was allowed by the administrator. It does not appear that it was ever presented to the county court for allowance or rejection, except in the final account of the administrator.

Section 1234, O. S. 1931, requires that "Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant, or some one in his behalf. * * *"

Section 1237, O. S. 1931, provides for presentation of the claim to the county judge, after allowance by the administrator.

Section 1235, O. S. 1931, does provide that the court may, in certain instances allow a claim that has been paid in good faith by the administrator without the affidavit and allowance prescribed by section 1234. But claims so allowed are limited to claims against solvent estates. Furthermore, it does not clearly appear that the claim in this case had in fact been paid by the administrator. The general rule is that where the statute provides that claims against an estate must be verified, the requirement is imperative. 24 C. J. 355.

There is one state, Iowa, in which it is held that the requirement is directory only, and that the affidavit may be supplied after the claim is filed. But in all other jurisdictions where the question has arisen the requirement is held to be imperative.

In Clancy v. Clancy, 7 N. Mex. 405, 37 P. 1105, 38 P. 168, verification is held to be jurisdictional and may not be supplied upon appeal. It was therein said:

"Yet in this case it appears affirmatively that the claim was never sworn to before the probate court; hence that court was not authorized to allow it, and on appeal, it was the duty of the district judge, sitting as a chancellor, to hold that the probate court was without jurisdiction to consider and allow the same."

The judgment of the trial court is affirmed in all matters save and except as to the claim of Dr. Harper. As to said claim, the judgment is reversed and the cause is remanded, with directions to disallow said claim.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.