This is an appeal from the district court of Okmulgee county by A.R. Reed, as ancillary administrator, plaintiff in error, against Zerleasie Loman Carter, Sadie Loman Roseborough, L.E. Stewart, and F.W. Thomson, guardian of Charles Loman, Jr., a minor, defendants in error. This controversy grew out of the allowance and payment of certain claims by *Page 242 
the administrator, Reed, as disclosed by his final account and which was protested by the defendants in error. The plaintiff in error was appointed ancillary administrator of the estate of Ella Loman, deceased, of Jackson county, Mo., in which county the main administration proceedings were pending. J.J. Bruce filed a claim with the ancillary administrator for $1,240 which he claimed was due him from the deceased, Ella Loman. Prior to the filing of the claim, Bruce had filed suit, based on the same claim, in the district court of Okmulgee county wherein he sought to impress certain real estate be longing to the estate with a lien. Judgment had been rendered against him, from which he had appealed to the Supreme Court, and the appeal was pending in the Supreme Court at the time he filed his claim with the administrator. See Bruce v. Calloway, 173 Okla. 151,46 P.2d 446. The administrator did not approve the claim, but made the following indorsement on the back of the same:
"Proof of Claim of J.J. Bruce. Filed this Nov. 9, 1931. Amt. claimed $1,340.00. Amt. allowed, none. Pending outcome of suit in Dist. Court, Okmulgee County. A.R. Reed, Ancillary Administrator."
An itemized statement attached to the final account filed by the administrator shows that the claim was rejected. The other claim in controversy was one filed by the Home Trust Company of Kansas City, Mo., for $850, and the itemized statement attached to the final account of the administrator shows, it to have been rejected. The record discloses that the following notation was made concerning the claim:
"The above was presented to me on the 31, day of July, 1931, for allowance, and on the 31 day of July, 1931, said claim was entered as claim against estate, to be adjusted in open court; this administrator having no funds on hand belonging to said estate, will allow same in amount as proof sustains and court approves at hearing thereof."
These claims were filed in 1931 and within the time allowed by law for filing of claims, against the estate. In December, 1933, the claimants, together with their attorneys, and the ancillary administrator. Reed, entered into an agreement whereby the claims were to be allowed and paid in part, and application was made to the county court of Okmulgee county, to which the agreement was attached, and same was allowed and an order issued by the county court directing the ancillary administrator to pay out of certain funds then available to J.J. Bruce $500, and to the Home Trust Company $200, and it was further agreed that they should receive additional payments out of the common fund of the estate in the final closing up of the estate. Upon the filing of the final account of the administrator in 1935, the same was duly set for hearing, at which time the defendants in error, being heirs of Ella Loman, deceased, filed their protest, and, upon hearing of the same, the county court approved the final account of the administrator, except as to the two items heretofore referred to, which he disallowed and surcharged against the administrator, plaintiff in error. An appeal was taken from the order of the county court to the district court of Okmulgee county, and upon hearing of the same de novo the order of the county court was sustained, from which judgment of the district court of Okmulgee county, this appeal is prosecuted.
Numerous specifications of error are assigned, but the only one necessary for consideration and which we regard as being decisive of the question raised on the appeal is whether a formal and absolute approval of a claim is necessary within the statutory time in order that it may be legally paid by the administrator.
Plaintiff in error urges with some degree of merit that the administrator should not be surcharged with these items, because of the fact that he was acting in conformity with the agreement entered into by the parties and tinder the direction of an order of the county court directing him to pay the same, and cites, numerous authorities in support of his contention. But we do not find the same to be in point, for the reason that the authorities cited deal with a different state of facts. It is a well-established rule in this, jurisdiction that where claims are paid by an administrator or executor that are proper and which have been or thereafter in due, time are allowed, the voluntary payment of the same by the administrator or executor is permitted. But in this case we think both the county and district courts properly held that no approval of either of these claims was ever had and that the attempted stipulation or agreement *Page 243 
entered into more than two years after the time for filing claims had expired was wholly unauthorized and could not revive these claims as against the estate. Defendants in error call attention to the provisions of law governing such matters, in this state.
Section 1237, O. S. 1931, provides:
"When a claim accompanied by the affidavit required in this article, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it must be presented to the judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day; and if the presentation he made by a notary, the certificate of such notary, under seal, is prima facie evidence of such presentation and rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is presented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time."
Section 1238, O. S. 1931, is, in part, as follows:
"Every claim allowed by the executor or administrator, and approved by the judge, or a copy thereof, as hereinafter provided, must, within thirty days thereafter, be filed in the county court. * * *"
The above sections very clearly point out the procedure and the manner of filing claims against an estate and the necessity of the approval by the administrator and by the county court and the filing of same within 30 days thereafter in the county court.
Section 1239, O. S. 1931, deals with rejected claims and is as follows:
"When a claim is rejected, either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."
In the case of Williams v. Jackson, 72 Okla. 141, 179 P. 603, this court, in construing the sections above quoted, determined the question here involved adversely to the contention of the plaintiff in error. Therein it held:
"Under section 6342, Revised Laws of 1910, a claim against an estate may be rejected by an administrator either by indorsing his written disallowance oil said claim or by neglecting or refusing to act thereon for a period of 10 days after it is presented, and in either case the rejection is, under said section, a rejection by the administrator.
"The nonaction by the administrator upon the claim for a period of time exceeding 10 days, next after the claim was filed with him for allowance, operates under the statute as a rejection of the claim, and that the time limit for bringing suit on said claim begins to run at once after the 10-day period expires. That no suit can be maintained on said claim 3 months after the expiration of said 10-day period.
"The indorsement of allowance made upon the claim by the administrator after more than 3 months after the 10-day period expired was void, and does not operate to allow or validate a claim either in whole or in part. At the time said indorsement was made, the claim had passed beyond the jurisdiction of the administrator to allow the same, and had reached the status of a rejected claim, barred by section 6344, of Revised Laws 1910."
We quote further from the body of the opinion:
"Both the agreement to allow and the attempted allowance by indorsement occurred after the lapse of more than 10 days next following the date of filing the claim with the administrator. The claim was therefore, under the statute, a rejected claim at the time of the agreement to allow and at the time said indorsement of allowance was made. The claim, under the law, was then a rejected claim, on account of the nonaction thereon of the administrator for a period of 10 days after the same had been filed with him for allowance. * * *"
In the case of In re Barnett's Estate, 52 Okla. 623,153 P. 635, it was held:
"A claim against the estate of a decedent can only be, established: (1) By being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; or (2) by judgment thereon in an action against the personal representative in the proper court.
"The judge of the county court has power to approve such a claim only where the executor or administrator has already allowed the same; and an order of the county court, purporting to allow such claim, after the executor or administrator has disallowed it, is void." *Page 244 
Much evidence, was offered in the trial of this case and numerous questions raised, about some, of which there is a conflict of evidence, some of which showed certain transactions concerning the administration which took place in the county court of Jackson county, Mo., wherein the stipulation or agreement involved was likewise approved as approved by the county court of Okmulgee county, but We deem all of these matters immaterial in so far as the real issue is concerned, and make no further reference to same.
We find that the judgment of the county court in disapproving these items or claims is sustained by the law and the evidence, and likewise the judgment of the district court which approved the judgment of the county court was, also correct, and therefore find that the judgment should be, and the same is hereby, affirmed.
BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.