McLEOD et al. v. PALMER.

No. 29641.   May 20, 1941.

Rehearing Denied Oct. 14, 1941.

*117 P. 2d 770.*

Roy B. Thomson, of Kansas City, Mo., and Charles R. Fellows and Ray S. Fellows, both of Tulsa, for plaintiffs n error.

Herbert Young and W. P. Nelson, both of Tulsa, for defendant in error.

OSBORN, J. Benjamin F. Palmer, hereinafter referred to as plaintiff, instituted this action in the district court of Tulsa county against L. M. McLeod and Fidelity National Bank & Trust Company of Kansas City, Mo., coexecutors under the will of Paul Arbon, deceased, and Fidelity National Bank & Trust Company, of Kansas City, Mo., trustee under the will of Paul Arbon, deceased, and the First National Bank of Kansas City, Mo., successor to the Fidelity National Bank & Trust Company of Kansas City, Mo., as coexecutor and trustee under the will of Paul Arbon, deceased, hereinafter referred to as defendants, for a money judgment arising out of certain transactions between plaintiff and Paul Arbon, now deceased, during his lifetime. Issues were joined and the cause was tried to the court. At the conclusion of the trial the court entered extensive findings of fact and conclusions of law and determined the various issues in favor of the plaintiff and entered judgment in his behalf. From said judgment defendants have appealed.

For plaintiff's first cause of action it was alleged that on February 27, 1926, plaintiff made a written assignment to Paul Arbon of Patent Serial No. 694,678, the same being a patent for an oil well control head; as consideration therefor it was orally agreed that plaintiff was to be paid the sum of $15,000, payable $1,000 in cash and the balance in installments of $250 per month; that pursuant to said oral agreement of payment, plaintiff was paid the sum of $1,000 and the sum of $250 each month up to and including the month of February, 1927, in the total sum of $3,250, leaving a balance due of $11,750; that all of the payments were made by checks of Paul Arbon & Company, a corporation, all of the capital stock of which was owned by Paul Arbon with the exception of two shares. Plaintiff further alleged that Paul Arbon departed this life on March 9, 1927, in France, leaving a will and codicil appointing defendants L. M. McLeod and Fidelity National Bank & Trust Company of Kansas City, Mo., as coexecutors thereof; that the will was duly admitted to probate in the county court of Tulsa county and notice to creditors given; that plaintiff presented his claim in writing to the coexecutors, and on May 8, 1927, in consideration of his forbearance to bring suit upon said claim at said time, it was orally agreed that the coexecutors would continue to pay the monthly installments of $250 each, and pursuant to said agreement continued said payments from that date

to February, 1928, making a total of $1,250, leaving a balance due plaintiff of $10,500; that in the month of April, 1928, a garnishment summons was issued to the coexecutors in a case pending in the district court of Tulsa county wherein this plaintiff was a defendant, and an answer was filed stating that Paul Arbon & Company was indebted to this plaintiff in the sum of $250. Plaintiff further alleged that from the month of April, 1928, to the month of June, 1931, the coexecutors fraudulently claimed and represented to the plaintiff that they were making monthly payments due him under the aforementioned arrangement to the judgment creditor of plaintiff, but plaintiff thereafter learned that no such payments had been made, whereupon he demanded from the coexecutors the entire balance due him; that said coexecutors told him that if he could furnish them with written or documentary evidence of the amount that had been agreed upon by Paul Arbon to be paid to plaintiff, the same would be promptly paid; that said coexecutors at said time well knew of the existence and validity of plaintiff's claim against the estate and had in their possession written evidence and personal knowledge of the existence and the amount of said claim and also well knew that the plaintiff was unable to furnish documentary evidence of the amount payable under the agreement, but that said coexecutors refused to divulge said information and fraudulently stated that they knew nothing about said claim, and as a result of their statements and representations plaintiff was induced to settle and compromise said claim for the sum of $1,500, which sum was paid to plaintiff on June 20, 1931, and a full and complete release thereof was signed by plaintiff and delivered to the coexecutors. The prayer of the petition was that the release be vacated, and that plaintiff have judgment on the first cause of action for $9,000, with interest.

For his second cause of action plaintiff alleged that on February 22, 1926, plaintiff sold and delivered to Paul Arbon & Company certain goods, wares, and merchandise at an agreed and stipulated price of $635, and on or about said time plaintiff sold to the Argentine Government certain control heads at a stipulated price of $1,274; that said control heads were shipped from the plant of Paul Arbon & Company under the agreement that when the check was received it would be delivered to plaintiff; that plaintiff billed Paul Arbon & Company for both items in the sum of $1,909, which sum is past due and unpaid. Plaintiff further alleged that all of the allegations regarding the item of $15,000 mentioned in the first cause of action apply with equal force and effect to the item of $1,909.

Among other propositions of law presented, it is contended by defendants that plaintiff's claims are barred by the statutes of nonclaim. The applicable statutory provisions are as follows:

Section 1233, O. S. 1931, 58 Okla. St. Ann. § 333, provides in part:

". . . All claims arising upon contracts hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever. . . ."

Section 1237, O. S. 1931, 58 Okla. St. Ann. § 337, provides:

"When a claim, accompanied by the affidavit required in this article, is presented to the executor or administrator, he must indorse thereon his allowance or rejection, with the day and date thereof. If he allow the claim, it must be presented to the judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the tenth day; and if the presentation be made by a notary, the certificate of such notary, under seal, is prima facie evidence of such presentation and rejection. If the claim be presented to the executor or administrator before the expiration of the time limited for the presentation of claims, the same is pre-

sented in time, though acted upon by the executor or administrator, and by the judge, after the expiration of such time."

Section 1239, O. S. 1931, 58 Okla. St. Ann. § 339, provides:

"When a claim is rejected either by the executor or administrator, or the judge of the county court, the holder must bring suit in the proper court, according to its amount, against the executor or administrator, within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred."

By way of answer to defendant's proposition, plaintiff's position is stated in the brief as follows:

"The contention of the plaintiff in this case is, as shown by the record, that he presented his claim to the coexecutors in due form, and thereafter said coexecutors handled said claim and dealt with this plaintiff in such manner as to constitute an allowance thereof, and that by reason of their acts and conduct in connection therewith, they are now and should be estopped from interposing the plea of the statute, and in this connection, the plaintiff pleaded estoppel in his amended petition."

No contention is made that either of plaintiff's claims was ever presented to or approved by the county judge.

In the case of In re Loman's Estate, 181 Okla. 241, 73 P. 2d 177, it was said:

"In the case of In re Barnett's Estate, 52 Okla. 623, 153 P. 653, it was held:

" 'A claim against the estate of a decedent can only be established: (1) By being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge; or (2) by judgment thereon in an action against the personal representative in the proper court.' "

In the case of Squire v. Stephenson, 183 Okla. 132, 81 P. 2d 668, it was held:

"The acquiescence of an executor to the validity of a claim against the estate, even if such acquiescence may be considered equivalent to his allowance thereof, is not sufficient to establish the claim; under the statute the county judge has the right to approve or disapprove. The approval of both the executor and county judge is necessary to establish a claim in the first instance; if either disapproves or fails to act within the period of time provided by statute, the claimant, to escape the bar of the statute of nonclaim, must sue in the proper court within the statutory time after such disapproval or the running of the period of time within which the executor or judge should have acted."

See, also, Wise v. Burton, 179 Okla. 77, 64 P. 2d 664; Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025; Dikeman v. Graymountain, 175 Okla. 83, 51 P. 2d 529; Reed v. Charles Broadway Rouse, Inc., 174 Okla. 522, 50 P. 2d 1097; Bilby v. Hart-Parr Co., 102 Okla. 53, 226 P. 360; Williams v. Jackson, 72 Okla. 141, 179 P. 603.

Plaintiff presents the further proposition that claims involved here are equitable claims, therefore it was unnecessary to present the same to the executors or the court, citing Brooks v. Yarbrough, 37 F. 2d 527. This contention is without merit. Both of the claims involved here are contractual and not equitable in nature.

Since the claims of plaintiff were barred by the provisions of the above-cited statutes, it is unnecessary to consider the various other propositions of law presented and argued in the briefs.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the proceeding.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and ARNOLD, J., absent.