Emmett HADDOCK, Administratrix of the Estate of Virginia Jones, deceased, Plaintiff in Error,

v.

Charles A. WILLIAMS, Executor of the Estate of Laura A. Williams, deceased, Defendant in Error.

No. 39640.

Supreme Court of Oklahoma.

Feb. 5, 1963.

Bailey & Whitlock, Norman, for plaintiff in error.

Bassmann, Gordon & Mayberry, by G. Raymond Bassmann, Claremore, H. Tom Kight, Claremore, of counsel, for defendant in error.

IRWIN, Justice.

Emmett Haddock, Administratrix of the Estate of Virginia Jones, deceased, brought an action against Charles A. Williams, Executor of the Estate of Laura A. Williams, deceased, to establish a claim against the estate of Laura A. Williams. One of the grounds for resisting the claim was that the said claim was barred by the limitation statutes relating to filing of claims against estates. At the close of plaintiff's evidence the trial court sustained defendant's demurrer to the evidence and rendered judgment for the defendant. Plaintiff perfected this appeal from the order overruling its motion for a new trial.

Although the trial court did not state nor does the judgment disclose the specific ground for sustaining the demurrer to plaintiff's evidence, we are of the opinion that the limitation statutes relating to the barring of claims not presented against an estate within the statutory time is controlling. Therefore we will consider only those facts which relate to limitations and will assume that the following facts, as presented on behalf of the plaintiff, are true.

Laura A. Williams was the mother of Virginia Jones. Emmett Haddock is the daughter of Virginia Jones and the Administratrix of her estate. Charles A. Williams is the son of Laura A. Williams and the Executor of her estate.

In 1949, Virginia Jones and Laura A. Williams entered into a written contract whereby Virginia Jones was to perform certain work and render services for Laura A. Williams. In consideration of the work performed and services rendered, Virginia Jones was to receive $3,000.00 per year. If Virginia Jones predeceased Laura A. Williams, the amount due under the contract would be paid to the heirs of Virginia Jones.

Virginia Jones performed the work and rendered the services as provided in the contract from April 21, 1946 until June 7, 1957, at which time Virginia Jones died.

Laura A. Williams died on February 10, 1958, and after Charles A. Williams was appointed Executor of her estate and caused to be given the Notice to Creditors, Emmett Haddock mailed a photostatic copy of the contract to the Executor with a letter of transmittal. This photostatic copy of the contract was not supported by an affidavit, nor did the Executor ever endorse thereon his allowance or rejection.

Thereafter, and within four months after the Notice to Creditors was given, the heirs of Laura A. Williams, which included the Executor of the Estate of Laura A. Williams, orally agreed that if Emmett Haddock would not present the contract nor any other document as to claim against the estate, that the heirs would, as a consideration, return certain bonds that Mrs. Williams had issued in her name and her children's names, as joint tenants, and that everything would be divided equally between the heirs. Emmett Haddock relied on this oral agreement and did not present a claim within four months from the time Notice to Creditors was given, unless the mailing of a copy of the contract to the Executor constituted the filing of an enforceable claim.

The four months period in which claims against the estate could be presented expired on August 22, 1958. In October, 1958, Emmett Haddock ascertained that the other heirs of Laura A. Williams had disavowed or repudiated the oral agreement as to the division and distribution of the Estate of Laura A. Williams in consideration of Emmett Haddock not presenting a claim against the estate. In January, 1959, a claim against the estate was filed by Emmett Haddock, Administratrix of the Estate of Virginia Jones.

Plaintiff commenced this action to enforce the contract as a claim against the Estate of Laura A. Williams after more than ten days had elapsed after filing the claim with the Executor and the Executor had not endorsed thereon his allowance or rejection.

## PROPOSITION I

Plaintiff contends that by furnishing a photostatic copy of the contract, together with the letter of transmittal to the Executor within the four months period, constitutes a submission of the claim within the statutory time.

We find it unnecessary to determine this contention for if such contention is assumed to be correct, under Title 58 O.S.1961 § 339, the claim is barred. This section provides that when a claim is rejected, either by the Executor or the Judge of the County Court, the holder must bring suit against the Executor within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim is forever barred.

The alleged claim in the instant action was due. The Executor did not endorse on his alleged claim his allowance or rejection. Under Title 58 O.S.1961 § 337, the refusal or neglect of the Executor to endorse his allowance or rejection is equivalent to a rejection ten days after a claim is presented.

Assuming, but not deciding, that by furnishing a copy of the contract together with the letter of transmittal to the Executor constituted the filing of a claim against the estate, and further assuming that such was done on August 22, 1958, the last day for presentation of claims in

the instant action, under our statutory provisions, the refusal or neglect of the Executor to endorse his allowance or rejection of the alleged claim is equivalent to his rejection ten days after August 22, 1958. Inasmuch as no action was instituted within the time prescribed by Sec. 339, the alleged claim would be forever barred.

## PROPOSITION II

Plaintiff's next contention is that where all heirs and beneficiaries of an estate participate in and agree to a family settlement of a claim against the estate owned by one of the heirs, and, subsequent to the expiration of the period of limitations to enforce said claim, disavow and repudiate the agreement made, the estate should be estopped to assert limitations in an action on the claim.

In connection with the above it is submitted that all the heirs and beneficiaries of the Estate of Laura A. Williams, by agreeing to a family settlement, induced and prevailed upon Emmett Haddock, a co-heir and claimant, to delay presenting or bringing suit upon the claim until the claim would be barred by limitations; that by such action of the heirs, the estate is estopped from asserting that the claim was not filed within time and barred by reason of limitations.

In considering this appeal, it should be noted that the issue involved is not whether plaintiff is entitled to specific performance of the alleged oral family settlement agreement or entitled to distribution of the estate under said agreement (see Odle v. Baskins, 190 Okl. 664, 126 P.2d 276; and Hitt v. Hitt, Okl., 258 P.2d 599) but it is an action against the Executor of the estate to recover on an alleged claim against the estate. Since plaintiff recognizes that an estate cannot be, and is not estopped to plead the limitations statute as a bar to a claim, based upon the conduct of the Executor (See Dikeman v. Graymountain, 175 Okl. 83, 51 P.2d 529, wherein we said "Under the Oklahoma statutes the administra-

tor must plead the statute of limitations; he cannot waive the statute of limitations; and he cannot estop himself by act or silence so as to make such a plea unavailable."), the determining issue is whether an estate can be and is estopped to plead the limitation statute as a bar to a claim, based upon the alleged conduct and actions of the heirs and beneficiaries of such estate.

To sustain the contention that an estate may be barred by the actions and conduct of the heirs and beneficiaries, plaintiff cites cases which recognize the validity of family settlements with respect to probate matters and in In re Elwood's Estate, 309 Pa. 505, 164 A. 617, it was held:

"Where only persons who would profit if claim against estate should be disallowed were to heirs who kept claimant in ignorance of facts and induced her not to file claim until they thought it was barred, such heirs are estopped to plead statute."

Title 58 O.S.1961 § 333, provides that "If a claim arising upon a contract heretofore made, be not presented within the time limited in the notice, it is barred forever, except as follows: * * *".

It is not contended that the alleged claim in the instant case comes within the purview of any of the statutory exceptions therein set forth. In Cleage v. Jackson, 200 Okl. 375, 194 P.2d 843, we held:

"58 O.S.1941 § 333 limiting the time within which claims against the estates of decedents may be presented and Section 334 id. prescribing the mode for presenting and proving such claims together with Section 343 id denying any recovery as a penalty for non-compliance with the procedure prescribed are mandatory provisions."

See also Timmons v. Hanna Construction Co., 176 Okl. 180, 55 P.2d 110 and McLeod v. Palmer, 189 Okl. 466, 117 P.2d 770.

Although we have consistently held that claims, such as the alleged claim in the

instant action, are barred unless timely presented, the facts in the case at bar present a case of first·impression before this Court.

In McBeath v. Champion, 55 N.M. 114, 227 P.2d 625, the Supreme Court of New Mexico held that the statutory requirements as to filing notices and hearings on claims against estates of· decedents are mandatory and neither · heirs nor administrators can waive such requirements, nor can conduct of heirs or administrators be made the basis of an estoppel which will prevent the bar of statute. See also In re Landers' Estate, 34 N.M. 431, 283 P. 49, and Smith v. Pattie, 81 Va. 654.

· ■ Statutes prescribing the manner in which claims may be filed against estates were enacted to facilitate the closing of estates and provide a means whereby the liabilities of an estate may be properly determined in an expeditious manner. Title 58 O.S.1961 § 333, specifically provides that claims arising upon a contract as in the case at bar, if not presented within the time allowed, is barred forever. There are no statutory exceptions to this rule which are applicable to the facts herein. Inasmuch as an executor or an administrator who is charged with the administration of an estate cannot by his actions or conduct be estopped to plead the limitations statute as a bar to a claim, we see no reason for concluding that the action or conduct of · beneficiaries or heirs of an estate can estop executor or administrator from pleading the limitation statutes as a bar.

We therefore hold that the actions and conduct of the beneficiaries and heirs of an estate cannot estop the executor or administrator of such estate from pleading the limitations statute relating to filing claims against the estate.

Judgment affirmed.

WELCH, WILLIAMS, JOHNSON· and· JACKSON, JJ., concur.

BLACKBIRD, C. J., HALLEY, V. C.·J., and DAVISON and.BERRY, JJ., dissent.·